

**RECEIVED**

DEC 04 2007 *aow*
*DEC 04 2007*
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM WALLS
PLAINTIFF, (s).

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**07CV6828**
**JUDGE HOLDERMAN**
**MAG. JUDGE MASON**

vs.

ILLINOIS DEPARTMENT OF HUMANSERVICE=
TREATMENT AND DETENTION FACILITY AS
FOLLOWED:
(1). IDHS-TDF, CAPT. TERRY WILLIAMS
(2). IDHS-TDF, CAPT. PONTIAC
(3). IDHS-TDF, CAPT. SCOTT
(4). IDHS-TDF, REHAB-DIRECTOR-
JEFFIFER BLAESING
(5). IDHS-TDF, ADMIN ASSIST-
SUSAN KESSINGER.
(6). IDHS-TDF, S.T.T BEAR
(7). IDHS-TDF, S.T.A DRENNING
WILL COUNTY JAIL AS FOLLOWED:
(1). WILL COUNTY JAIL-R.T.A MS. GREENLY

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: _____
(To be supplied by the Clerk of this Court)

(ALL BEING SUED IN THERE INDIVIDUAL
CAPACITY).

THE PLAINTIFF IS REQUESTING FOR A
TORT and PUNITIVE DEMAGES FOR
THE MENTAL AND PHYSICAL DEMAGES
HE HAS AND STILL IS SUFFERING.

(2). WILL COUNTY JAIL MS. KWAEEKA
(3). WILL COUNTY JAIL C/O MS. SHARON

**CHECK ONE ONLY:**

___X___    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
           U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
           28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

    A.    Name: __WILLIAM WALLS__

    B.    List all aliases: __None__

    C.    Prisoner identification number: __852982__

    D.    Place of present confinement: __ILLINOIS DEPARTMENT OF HUMANSERVICE,__
TREATMENT AND DETENTION FACILITY.

    E.    Address: _____

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A.    Defendant: __TERRY WILLIAMS__

        Title: __CAPT.__

        Place of Employment: __ILLINOIS DEPARTMENT OF HUMAN SERVICE, TREATMENT AND DETENTION FACILITY.__

    B.    Defendant: __Mr. PONTIAC__

        Title: __CAPT.__

        Place of Employment: __ILLINOIS DEPARTMENT OF HUMAN SERVICE, TREATMENT AND DETENTION FACILITY.__

    C.    Defendant: __Mr. SCOTT__

        Title: __CAPT.__

        Place of Employment: __ILLINOS DEPARTMENT OF HUMAN SERVICE, TREATMENT AND DETENTION FACILITY__

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2 - of - 16.

D. Defendant: JENNIFER BLAESING
Title: Rehab Director.
Place of employment: ILLINOIS DEPARTMENT OF HUMAN SERVICE,
TREATMENT AND FACILITY.

E. Defendant: SUSAN KESSINGER
Title: Admin Assist.
Place of employment: ILLINOIS DEPARTMENT OF HUMAN SERVICE,
TREATMENT AND DETENTION FACILITY.

F. Defendant: Mr. Bear
Title: S.T.A
Place of employment: ILLINOIS DEPARTMENT OF HUMAN SERVICE,
TREATMENT AND DETENTION FACILITY.

G. Defendant: Mr. Drenning
Title: S.T.A
Place of employment: ILLINOIS DEPARTMENT OF HUMAN SERVICE,
TREATMENT AND DETENTION FACILITY.

H. Defendant: Ms. GREENLY
Title of employment: R.T.A
Place of employment: WILL COUNTY JAIL.

I. Defendant: Ms. KWAREKA
Title: Correctional Officer
Place of employment: WILL COUNTY JAIL.

J. Dendant: Ms. Sharon
Title: Correctional Officer.
Place of Employment: WILL COUNTY JAIL.

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: __RE: Walls-v-Il.Dept of Human Svc.__
__No. 07-CV-2061.__

B.   Approximate date of filing lawsuit: __~~~~ Sept.-28- 2007,__

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: __WILLIAM WALLS__

D.   List all defendants: __IDHS TOK. Terry Williams. Assistant Attorev__ General
__Micheal Kress. Will County Jail. Mr. Olearv. IDOC Roger Walker.__
__Stateville Mr. Mcmann. Shawnee Mr. Austin. Picknevville Ms. Johnson__

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __UNITED STATES DISTRICT COURT__
__NORTHERN DISTRICT OF ILLINOIS. EASTERN DIVIDUAL.,__

F.   Name of judge to whom case was assigned: __JAMES F. HOLDERMAN.__

G.   Basic claim made: __VINDICTIVE PROSECUTION.__

H.   Disposition of this case (for example:  Was the case dismissed?  Was it appealed? Is it still pending?): __Dismissed.__

I.   Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

A. Name of case and docket no. 06-cc-0704. Il. Dept of Human Svc.

B. Approximate date of filing law suit: 10-05-07.

C. WILLIAM WALLS.

D. Illinois Department of Human Service, Treatment and Detention Facility.

E. Court in which the law suit was filed: Court of Claims; Tort.
STATE OF ILLINOIS.

F. ROBERT J. SPRAGUE.

G. VINDICTIVE PROSECUTION

H. Still Pending.

STATEMENT OF CLAIM:

On July 12, 1992, the plaintiff was charged and convicted of a aggravated criminal sexual assault in which he did not commit. Case No. 92-CR-16471, in this case the plaintiff presented an aliba defense and witness's was ignored by the plaintiff public defender and the state prosecutor in this case. That due this, the state prosecutor was able to gain there conviction in this case based on false testimony, Case No. 92-CR-16471. On appeal, with newly discovered evidence's the plaintiff was able to display his innocence's. But; was denied due process of the laws. The plaintiff was sentence to serve   (22)- years in IDOC. The plaintiff, release date from the IDOC's was March 9, 2003. This was the plaintiff first time incarcerated as a adult.
Upon the plaintiff release date from the IDOC's adult division, he was petition under the S.V.P Act, Case No. 03-CR-80002. The petition was filed by the Cook County State Attorney, Ms. Mary Ellen Murphy, and the Assistant Attorney General, Micheal Kress. Before the plaintiff release date from the IDOC's on or about, Feb 2, 2003. The plaintiff was visited by a state's evaluator under the S.V.P Act. This visit took place at the Robinson Correction Center by a Ms. Jacqueline Buck, Ph.D evaluator for the state attorney office. The plaintiff DID NOT participaet in the evaluation attempted by the state's evaluator Ms. Jacqueline Buck. Due to request of Ms. Jacqueline Buck, she was given a complete copy of the plaintiff case in which was able to display his innocence's, Case No. 92-CR-16471. This case file was placed on the Illinois Department of Corrections Masterfile. Here at that point is where the Vindictive Prosecution began. That as a result of the plaintiff being Maliciously Prosecuted and wrongly imprisoned of case no. 92-CR-16471, and being up for release that he was then Vindictively and Maliciously petition under the S.V.P Act, Case No. 03-CR-80002. Thepetition was based on the plaintiff's adult Illinois Department of Corrections Masterfile, the one adult conviction Case No. 92-CR-16471, and juvenile records. The plaintiff was ordered to be detained and to stand for probable cause as a pre-detainee, before the Honorable Chief Judge William Woods. At the Cook County Criminal Courts Building Room: 101. On a appearance's before the Honorable Judge William woods, the plaintiff filed a motion for Substitution of judge by Right. The motion was granted, the plaintiff was transferred to (2)- two other judges before he was appointed the Honorable Judge Ms. Cannors, ROOM: 208. During a appearance's before the Honorable judge Ms. Cannors, the plaintiff filed a extra-ordinary motion. The motion to dismiss the State's petition due to the petition being brought in bad faith and without good cause. Due to the plaintiff's extra-ordinary motion and the over all evidence's and merits of the plaintiff's case. Placed the state's petition filed against the plaintiff under the S.V.P Act, in a hardship to proceed to trial, Case No. 03-CR-80002. That petition filed against the plaintiff under the S.V.P Act, Case No.03-CR-80002; was Malicious attempt to have the plaintiff commited with the use of his juvenile records. 730 ILCS 5/3-2(2), states there shall be department of juvenile justice which shall be administrated by a director appointed by the Governor under the civil administration code of Illinois. The Department of juvenile justice shall be responsible for all persons under 17 years of age when sentence to imprisonment and committed to the department under subsetion (c) of section 5-8-6 of this 5-750 of that juvenile court act of 1987. Persons under 17 years of age commited to the department of juvenile pursuant-

to this code shall be sight and sound separate from adult offenders
committed to the department of Corrections. 720 ILCS 207/10(2), state's
that the plaintiff must be found deliquent under section 5/20 of
the juvenile court act or of (now repealed), section 5-620 of that act.
705 ILCS 405/1-7(B)(1), no lawenforcement officer or other person
or agency may knowingly transmit to the department of correction adult
division or federal bureau of investigation any fingerprints or
photograph relating to a minor who has been arrested or taken into
**custody before** before his or her 17th birthday. Rule 705 ILCS 405/-
5-905-(5), state that the records of law enforcement officers,
all minors under 17 years of age must be mauntained separately from
the records of adults. 705 ILCS 405/5-915-(4), says that upon the
entry of an order expunging records or files the offense in which the
records files concern shall be treated as if it never occurred.
Law enforcement officer and agency shall properly reply that no
file exist with respect to that person. This was the first time
the plaintiff was incarcerated as an adult. The plaintiff did not
participate in the evaluation attempted by the State's evaluator
Ms. Jacqueline Buck. The petition filed against the plaintiff under
the S.V.P act, was based on the plaintiff's Illinois Department of
Corrections Masterfile adult division. The plaintiff is being held
at the Illinois Department of HumanService, Treatment and detention
facility as a pre-Detainee. The IDHS-TDF is ran by a private company
who is contracted by the State. Liberty Health is the company contracted
to run the facility; but is not Certified. There is no mediator of
justice. If Tort requested is granted the plaintiff request's that
the vidoe tapes be reviewed since the time he re-innered this facility.
Excuse's are being made to justify bring death to the plaintiff's.
(1). We can't let him finish his complaint because of all the things
we done to him. The plaintiff is to good with it, meaning the drafting
of complaints. We don't want to pay him. In fact, as Ism typing this
complaint right now, the plaintiff is being harrassed and greatly
intimidated not to finish this complaint. As a result, the plaintiff
is being forced to amend the rest of this statement of facts with
a statement of facts that already been pre-drafted. ( **THE PLAINTIFF
IS REFERRED TO AS THE CLAIMANT**).

That as a result of the Malicious prosecution and wrongful
imprisonment of the claimant adult conviction, case no. 92-CR-16471.
That Vindictive Prosecution lead to the malicious prosecution
and illegal detention under the S.V.P act, case no. 03-CR-80002.
The claimant was up for release from the Illinois Department of
Corrections Adult Division. By request of the state evaluator Ms.
Jacqueline Buck, Ph.D. she was given a complete copy of the
claimant appeal records of case no. 92-CR-16471. This appeal records
was place on the Illinois Department of Corrections Adult Division
Masterfile. Shortly after the claimant was maliciously petition
and Illegally detained with the use of juvenile records that's
in violation of state laws under the S.V.P act, Case No.03-CR-80002.
725 ILCS 5/110A-25; Cost of Malicious Prosecution states; if it
appears that there is no just reason to fear the commission of
the offense, the defendant shall ██ be discharged if the court
is of the opinion that the prosecution was commenced maliciously
without probable cause, the court may enter judgement against
the complainant for the costs of the prosecution. That as a result
of the claimant's aliba defense and witnesse's being ingored by
both the claimant public defender and the state prosecutor. And
the fact the state prosecutor gaining there conviction based on
false testimony. Resulted in a malicious prosecution and wrongful
imprisonment present's a potential law suit against the attorney General
office and IDOC, Case No. 92-CR-16471. That as a result of the
petition being filed against the claimant under the S.V.P Act,
being a malicious attempt to have the claimant commited with
the use of juvenile records that is in violation of state laws.
Create's a potential law suit against the Attorney general office
and the Illinois Department of HumanSeervice, Treatment and
Detention Facility, Case No. 03-Cr-80002. Bordenkirkcher V. Hayes,
434 U.S 357, 363 (1978); ( To punish a person because he has done
what the law plainly allows him to do is a due process violation
of the most basic sort; and for an AGENT of the state to pursue
a course of action whose objective is to penalize a person's
reliance on his legal rights is patently unconstitutional. Nat'L
Eng'g & Contracting co. V Herman, 181 F.3d. 715, 723(6th Cir. 1999);
Vindictive Prosecution involves (1). Exercise of a protected right
;(2). The prosecutor's Stack in the exercise of that Right;( Thus;
the Cost for Malicious Prosecution). (3). The unreasonableness
of the prosecutors conduct; (4). That the prosecution was initiated
with the intent to punish the claimant for the exercise of the
protected right. U.S V. Carter, 130 F. 3d. 1432, 1443( 10th Cir.
1997); the prosecutor may not punish the claimant for exercising
constitutional or statutory rights. U.S V. Lanoue, 137 F. 3d.
656, 664(1st. Cir 1998)( Successful assertions of Vindictive
Prosecution are most common where a claimant advance's some
procedural or constitutional right and is then punished for doing
so. U.S V. Garza-Juarez, 992 F.2d. 986, 907( 9th Cir. 1993),
Vindictive Prosecution exist when government brought more serious
charges after claimant refused to plead guilty and proceeded with
motion to dismiss case. Neal V. Cain, 141 F.3/d 207, 214(5th Cir.
1998); Vindictiveness is demonstrated where a prosecutor brings
additional charges against a claimant to punish the claimant for
his exercise of procedural rights. U.S V. Miller, 948 F.2d. 631,
633(10th Cir 1991); Vindictiveness is also displayed when a

8- of-16.
8- 07-16.

successfully attacks his conviction or case and then receive's
a unofficial death sentence. U.S V. Montoya, 45 F. 3d. 1286. 1299
(9th Cir. 1995), mere filing of the petition under the S.V.P Act,
Case No. 03-CR-80002, can support Vindictive Prosecution charge
  Here because of the state's attorney office, IDOC and the IDHS-TDF
all having something at Stack, (cost of malicious prosecution 725-
ILCS 5/110A-25), The potential law suits for the claimant
being maliciously prosecuted and wrongly imprisoned in IDOC FOR
case no. 92-CR-16471. And being maliciously petition and illegally
detained at the IDHS-TDF under the S.V.P Act, Case No. 03-cr-80002.
The proceeding in both of these cases can not be changed, the
claimant has already established them on records). As a result
of this the state's attorney, IDOC and the IDHS-TDF, want Death
broght to the claimant. That the state's attorney, IDOC and the
IDHS-TDF, declares that they do not want to pay the claimant for
the Cost of Malicious Prosecution and Wrongful Imprisonments. That
if the claimant refuse's to become an award of the state for the
Illinois Department of Corrections or Committ his-self under the
S.V.P Act, for the Illinois Department of HumanService,Treatment
and Detention Facility then Death will be brought to him.
Commitment under the S.V.P Act is define as indefinate by nature,
which equal to a life imprisonment. Award of the state is define
and equals to life imprisonment. Vindictive Prosecution is only
being displayed to be further incarceration to bring Death to the
claimant. ( The only way to erase the cost of malicious prosecution
is to bring death to the claimant. The proceeding in both the
cases can not be chaged, the claimant has already established them
on records. Here and now at the Illinois Department of HumanService
Treatment and Detention Facility the claimant stands to be released.
The claimant has placed state's petitionnfiled under the S.V.P
Act in hardship to proceed to trial. The Illinois Department of
HumanService, Treatment and Detention Facility is ran by company
liberty heath, who's not certified. And have no mediator of justice.
Here and now Vindictive Prosecution is being displayed at the
Illinios Department of HumanService, Treatment and Detention
Facility to force further incarceration and Death to the claimant.
State Employees here and now at the Illinois Department of Human
Service,Treatment and Detention Facility is using eavesdropping
device's, psychological pressure, eletronic communications, cri-
minal sexual assault, infection of H.I.V, induce of Heart demage,
paralizing the claimant, poisoning of controlled substance and
other inmates to force death upon the claimant. Each hardship
assist's one another to force death. Psychological pressure is
being applied by: (1). Exposing the claimant to hatred for his
choice of religion and sexual preferance. (2). Exposing the
claimant to ridicule as a result of being criminlal sexual assaulted
(3). Exposing the claimant to ridicule as a result of attempt's
being made to infect him with H.I.V. (4). Exposing the claimant
to hatred for jogging and exercising, which allows his endurance's
to hold up and not be infected by H.I.V. (5). Exposing
the claimant to biasness and hatred for being malicious prosecuted
wrongful imprisoning and illegally detained for cases, 92-CR-16471,
and case no. 03-CR-80002. (6). Exposing the claimant collective
boycott. (7). exposing the claimant to hatred, biasness,physical
and mental hardships as a result of the cost of malicious prosecutions
for cases 92-CR-16471 and 03-CR-80002.

9-07-16.

Normal priviege's are being used as a means to cause the claimant-
great stress, anxiety and frustrations All hardships being displays
are being used to assist one another. Excuse's are being used
to justify criminal sexual assaulting the claimant.
(1). Hatred of the claimant's religion practice and for choosing
to be a heterosexual male. (2). Hatred is being displayed on
how the claimant conduct him-self as an adult male. The way the
claimant groom his-self as an individual, hygene,shower, shave
facual appearance's. EXcuse's are being used to justify paralizing
the claimant. (1). Hatred toward's the claimant being able to
hold up his endurance's and not be infected by H.I.V as a result
of the claimant jogging or exercising. (2). That as a result
of the claimant being able to hold up his endurance from jogging
and exercising the only way to infect the claimant with H.I.V
is to stop him from jogging and exercising by paralizing. Here
and now, the claimant is suffering these hardships and more at
the Illinois Department of HumanService, Treatment and Detention
Facility. Orinigally, both the IDHS-TDF and The Will County Jail
were located in Will County. Mr. Terry Williams of the IDHS-TDF,
Cook County Satate's Ms. Mary Ellen MUrphy and the Assistant
Attorney General, Micheal Kress, discuss's startegy on how to
handle the on the proceeding under the S.V.P Act, Case No. 03-CR-80002.
Before the relocation of the IDHS-TDF, the IDHS-TDF sought assist-
ance's from the Will County Jail in the collective boycott against
the claimant to force Vindictive Prosecution and Death.
Here and now, at the IDHS-TDF the Will County Jail, c/o's(1).R.T.A
Ms. Greenly,(2). c/o Ms. Kwaeeka,(3).c/o Ms. Sharon, are here
and now at the IDHS-TDF, assisting the IDHS-TDF, threw thue ee vse of
eavesdropping device and eletronic communications. 720 ILCS 5/14-1
Eavesdropping Device is any person including law enforcement
officers, who is a principal as defined in this article, or who oper-
ates or participates in the operation of any eavesdropping device
contrary to the provisions of this article. (c). Prinicipals is any
person who (1). Knowingly employs another who illegelly used
an eavesdropping device in the course of such employment; or
(2). Knowingly derives any benefits or information from the
illegal use of an eavesdropping device by another, or (3). Direct
another to use an eavesdropping device illegally on his behalf.
725 ILCS 5/108A-1 judicial supervision of the use of eavesdropping
device states:
That the state's attorney or an assistant state's attorney authorized
by the state's attorney may authorize an application to a circuit
judge or an associate judge assigned by the chief of the circuit
for and such judge may grant inconformity with this atricle
an order or approving the use of an eavesdropping device by a
law enforcement officer or agency havinng the responsibility
for the investigation of any felony under Illinois law where
any one party to a converstaion to be monitored or previously
monitored in the case of an emergency situation as defined in
thiis acticle. 725 ILCS 108A-5 Orders authorizing use of an
eavesdropping device state's (a). Each order authorizing or approving
the use of an eavesdropping device shall specify, (1), the identity
of the person who has consented to the use of the device to monitor
any of his and a requirement that any conversation overheard
or recived must included this person. (2). the identity of the
other person or persons, who will participate in the conversation:

10 of 16.

(3). the period of time in which the use of the device is
authorized, including a statement as to whether or not the
use shall automatically terminate when the described conversations
have been first obtained. (b). No order entered under this
section may authoirize or approve the use of any eavesdroppin
g device for any period longer than 30 days. An initial
or a subsequent extension, in no case for more than 30 days each,
of an order may be granted but only upon application made in
accordances with section 108A-3 and where the court makes the
finding required in section 108A-4. The Illinois Department of
HumanService, Traetment and Detention FAcility is ran by a
private company Liberty Health,who's not certified. And have
no mediator of justice. Every sence the claimant has placed
the Cook County State's Attorney, Ms. Mary Ellen Murphy
and the assistant attorney general, Mr. Micheal Kress, in
a hardship to proceed to trial, under the S.V.P Act, Case No.
03-CR-80002. The IDHS-TDF, IDOC and Will County Jail has been
attempting to bring death to the claimant. Bell V Wolfish, 441
U.S. 520, 535 N.16 (1979).( Due process requires that a pre-trial
detainee not be punished). Whether a restriction or condition
accompanying pre-trial detainee constitutes punishment turns
on whether the restriction or condition is reasonably related
to a legitimate government objective. Hare V. City of Corinth,
74 C. 3d. 633, 638-39(5th. Cir 1996)( state's exercise of power
to detain bring with it due process responsibility to tend to
essentials of detainees well being. The only way to circumvent
the claimant potential law suit's for the cost of malicious
prosecution is to bring death to the claimant. This is also why
the IDHS-TDF, c/o's and Will county c/o's has threaten to kidnapp
and murder his family members Once death occur's to the claimant,
the claimant family members will still be able to sue. The only
way to circumvent the potential law suit's altogther
is to bring death to them as well.TDF, the IDHS-TDF? can not
The boycott against the claimant also exist in IDOC AS A
malicious prosecution and wrongful imprisonment, Case No.
92-CR-16471. The IDHS-TDF, is also attempting to push the claim-
ant out of the IDHS-TDFinto the IDOC's to put a hold on the
claimant's S.V,p Act, proceeding, Case No. 03-CR-80002. Where
Vindictive Prosecution can be force by another to bring death.
Entrapment is being force with the of the eavesdropping device
eletronic communication, psychological presure, physical
hardships and other inmates. Inmates are offered special
privileges of being able to assist in bring hardships to the
claimant. Deals of conditional release, money orders, Criminal
sexual assaults, Attempt to infect him with H.I.V, Attempts
to paralize the claimant, Inducement of Suidice, Half suffe-
rication, aggrate assaults, poisoning of control substance's
hatred, and ridicule. 720 ILCS 5/7-12. Entrapment state's a
person is not guilty of an offense if he or she conduct is
incited or induced by a public officer or employee or agent of
either. 720 ILCS 5/12-13, Criminal sexual assault state's
(1). Commits an act of sexual penetration by the use of force
or threat of force, or (2); Commits an act of sexual penetration
and the accused knew the victem was unable to understand the
nature of the act or was unable to give knowing consent.

11-07-16

if entrapment is sucessful it would place a Hold on the claimant
S.V.P Act proceeding. 720 ILCS 135/1-2, Harassment through
eletronic communication state's (1). Making any comments,
requests, suggestions or proposal which is obscene with an
intend to offend, (2). Interrupting with the intend to harass
the service or the eletronic communication service of any person;
(3). Transmitting to any person, with the intent to harass
and regardless of whether the communication is read in it entirety
or at all any file, documant, or other communications which
provents that person from using telephone. (311), Transmitting
an eletronic communiucation or knowingly inducing a person to
transmit an eletronic eommunication for the purpose of harassing.
(4). Threatening injury to the person or the property of the
person to whom an eletronic communication is directed or to any
of his family members.Eletronic communications means any trans-
fer of signs, sighals, writings, images, sounds, data or inte-
lligence of any nature transmitted in whole or in part by a wire
radio, electromegnetic, photoeletronic or photo optical system
72   720 ILCS 5/12-6. Intimidation state's (a). A person commits i
intimidation when with intent to cause another to perform or
to omit the performance of any act, he communications to
another whether in person, by telephone or by mail a thret to
perform without lawful authority any of the following acts.
(1). Inflict physical harm on the person threatened or any other
person or on property or (2). Subject any person to physical
confinement or restrain or (3). Commit any criminal offense or
(4). Accuse any person of an offense or (5). Expose any person
to hatred, contempt or ridicule or (6). Take action as a public
official against anyone or anything, or withhold official action
or cause such action or withhold or(7). Bring about or continue
a strike, Boycott or other collective action. The
Excuse's are being used why force is being displayed
(1). C/O's declared that if the claimant is released that he
would have to pay them, and if he do not agree to pay them that
he will not make it to be released.@And the claimant family
members will be kidnapped and murdered.(2). That the State's
attorney office, IDHS-TDF, IDOC and Will County Jail do not
want to pay the claimant for the cost of malicious prosecution
720 ILCS 5/8-1.1 Solicitation of Murder, state's
(A). a person commit solicitation of murder when with the
intent that the offense of first degree murder be committed,
he commands, encourages or request another to committ that offense.
First degree murder is define a person who kills an individual
without without lawful justification commits first degree murder.
730 ILCS 5/3-7-4, Protection of persons states that the depar-
tment shall establish rules and regulations for the protection of
every person. 720 ILCS 5/33-3 Official misconduct state's
a public officer or employee commits any of the following acts:
(a). Intentionally or recklessly fails to perform any mandatory
duty as required by law; or (b). Knowingly performs an act
which he knows he is forbidden by law to perform or;(c).
Withintent to obtain a personal advantage for himself or another, he
performs an act in excess of his lawful authority; or; (d).
Solicits or knowingly accepts for the performance of any act
a fee or reward which he knows is not authorized by law.

Here at the IDHS-TDF, the claimant has already falling
victem to entrapment by S.T.A's .To catch an aggravate assault
on another inmate as a result of S.T.A's assisting the other
inmates, With the use of eavesdropping device to criminal sexual
assault the claimant, Case No. 06-CF-1275. C/O's are using the
eavesdropping device to assist inmates to criminal sexual assault
the claimant, here and now while he's asleep.
The  eavesdropping device is used to monitor the claimant's
thinking, thus, knowing when the claimant is unconsciously
asleep. When c/o's of the eavesdropping device knows the claimant
is fully unconscious asleep. C/O's of the unit is notified,
c/o's then, themseles or use inmates to inner into his cell.
While the criminal sexual assault is occuring, c/o's of the
eavesdropping device is monitoring the claimant to alert c/o's
or inmates with the use of eletronic communication when the
claimant is about to awake,
The same tactics is being used in a attempt to paralize the
claimant. C/O's and inmates wil slowly turn the claimant's
neck in a negative position and slowly bend his lower back
out of place. Again, while this is occuring, c/o's of the
eavesdropping device is monitoring the claimant's to alert
c/o's or inmates with the use of the eletronic communication,
when the claimant is about to awake. These tactics are also
being used to blind the claimant, Poisoning of control substa-
nce's has occurred as followed: (1). The wing is provide with
coffee, tea and ice. C/o's would notified inmates which
container not to drink out except the claimant. Everybody
is told not to tell the claimant. The claimant would drink
from the container and become sick. When the claimant realize
that he could no longer drink from the container and stop.
Then c/o's would use individual to enter the claiment and cell
containing his person property, cigrettes, coffee, food, or
sweets. Other excuse's are being made to justify this behavior
the claimant hear c/o's and inmates making comments as long
as the claimant is jogging or as long as his not letting it
effect him. The got exercise or jog seven days a weeks to
stay in shape and fight off all the hardships he's suffering.
720 ILCS 5/12-31 Inducement to commit suidice state's (a). A
person commits the offense of inducement to commit suidice when
he or she does either of the following: (1). Coerce's another
to commit suidice, or when or she exercises substatial control
over the person through (i). control of the other persons
physical location or circumstance's; use of psychological pressure,
social, philisophical or other principles. Each hardship is
being displayed to assist one another. Criminal sexual assault
is being use as a weapon to deprive the claimant of self-esteem,
security and good behavior. The_is heterosexual male and practice
a religion that forbids the acceptance or behavior of homosex-
uality. To force this behavior upon the claiamnt cause's the
claimant depression, great stress, anxiety, ridicule and mental
frustration. Psychological pressure is being used to complain
about the claimant personility,-religion belief, education
family, daily habits, political beliefs, hygene, exercise routines,
sexual preference, entertainments like music or television shows.
In all these catorgories the claiamnt's is being challeged
daily. The claimant can't even speck on the telephone without
c/o's and inmates having communication about what was said between
the claimant and his family members.

13-of-16.

The grievance's process is simply denied or lies are being told
in the response's to deny the claimant. Some have even been
stoling out the claimant cell that indirected staff members that
were involved. For the records the claimant has file over (15)
grievance's and great numbers of requests. The Boycott includes
inmates as well. Mostly all the departments at this facility
has participate in the boycott against the claimant. Threw
displaying hatred ridicule or psychological pressure.
The IDHS-TDF is ran by a private company, who not certified
there's no mediator of justice. The claimant blood type is O;
which allows the claimant's endurance to hold up when the claimant
exercise's. The eavsedropping device is monitoring the claimant
gather information. The claimant attempts to exercise a hour
everyday. C/o's knows that as long as the claimant exercise's
on a regular basic. 720ILCS 5/12-16.2 Criminal transmission of
H.I.V would probable fail. The gathering of information, closly
monitoring the claimant has allowed c/o's to use inmates in the
criminal transmission of H.I.V. Inmates who are infected with
H.I.V, are instruted to contaminate smoking products like
cigarette, brevereges or food with there urine. The claimant
is systemically forced to depend on these inmates by denying
him work assignment and forcing him in debt threw legal copy.
The claimant attempt's to exercise one hour a day, which
helps the claimant to fight off contamination of H.I.V.
This has force c/o's to move to extreme measure's to infect
the claimant with H.I.V. Extreme measure's like attempting to
paralize the claimant so that he will no longer be able to exercise
or jog. Which would then allow the criminal transmission of H.I.V.
720-ILCS 5/12-16-2. Criminal transmission of H.I.V. states
A person commit crinal transmission of H.I.V when he or she
knowing that he or she is infected with H.I.V(1). engages in
intimate contact with another(2). transfers, donates or provides
his or her blood, tissue, semen, organs or other potentially
infectious body fluids for transfusion, transplatation, insem-
ination, or other administration to another, or (3). Dispenses,
delivers, exchanges, sells or in any other way transfers to
another nonsterile intravenous or intamuscular drug para-
phernalia. Psychological pressure has also played a role
in the attempt's to cause demage to the claimant heart.[18]
Here the has been poisoned with controlled substance's,
( Bogus heart medication)?1N A attempt to cause the claimant
a heart attack. 720ILCS 5/12-4.7. Drug induce infliction of great
bodily harm, (a) any person experience great bodily harm or
permanent disability as a result of the injection, inhalation
or ingestion of any amount of that controlled substance.
Commitment under the S.V.P act is defined as indefinite in
nature which is equal to the same as life imprisonment.
Award of the state is also define as life imprisonment.
That due to cost of malicious prosecution the attorney will
not protect the claimant from harm or death.
(1). Due to the malicious prosecution and wrongful imprisonment
the attorney general office and the IDOC has the cost of mali-
icious prosecution at Stack as a result of Case No. 92-CR-16471.
This explan's why IDOC is participating in the Boycott
against the claimant. (2). Due to the malicious attempt
to have the claimant commited under the S.V.P Act, with
the use of his juvenile records has brought about the illegal
detention.

14. of 16

in the Illinois Department of Human Service. Treatment and Detention Facility. Also here the Attorney General office and the IDHS-TDF? HAVE THE Cost of Malicious Prosecution at Stack. Here the detention involves a private company who's contracted by the state. Under a different kind of law. Civil in nature. but: Criminal procedures.
  This explans the lack of respect for the courts. And boycott against the claimant. The Boycott to Vindictively prosecute and bring death.


The claimant Punitive Demages for the physical and mental hardships he has suffered, and a Tort investigation.

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Punitive Demages and a Tort investigation.
For all the physical and mental hardships the claimant's
suffered

**VI.**    The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this **26** day of **NOV** , 20**07.**

_____
(Signature of plaintiff or plaintiffs)

WILLIAM WALLS
(Print name)

852982
(I.D. Number) Illinois Department of Hu-
man Service, Treatment and De-
tention facility.
R.R #1, Box 6 A
Rushville, Il.
62681.
(Address)

16 · of · 16.

Revised 9/2007