## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6828 | **DATE** | February 5, 2008 |
| **CASE TITLE** | William Walls (#85292) v. Terry Williams, et al. | | |

**DOCKET ENTRY TEXT:**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] and dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for appointment of counsel [4] is denied as moot.

■ [For further details see text below.]        Docketing to mail notices.

### STATEMENT

      Plaintiff William Walls brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff is detained under the Illinois Sexually Violent Person Commitment Act 725 ILCS 207/1 *et seq.*, at the Department of Human Services Facility in Rushville, Illinois. The Prison Litigation Reform Act accordingly does not apply to him.

      Plaintiff alleges that he was maliciously prosecuted in his criminal case, No. 92-CR-16471, in which he was convicted of an aggravated criminal sexual assault, and that he is now being maliciously prosecuted under the Sexually Violent Persons Act, Case No. 03-CR-80002. Plaintiff seeks punitive damages for the physical and mental hardships he has suffered.

      Under 28 U.S.C. § 1915A(b)(1), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. . . . .

Plaintiff has not demonstrated that his criminal conviction has been reversed, expunged, or declared invalid. He may not seek money damages for his alleged unlawful conviction until such time as his conviction has been negated in some manner.

It appears that Plaintiff's proceedings under the SVP Act are still ongoing. However, this claim is also barred under *Heck*. *See Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) (a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending charge is not cognizable under § 1983).

Moreover, a claim of malicious prosecution is not actionable in federal court. Because Plaintiff has a state-law remedy, there is no constitutional tort for malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir.), *rehearing and rehearing en banc denied*, 260 F.3d 824 (7th Cir. 2001).

Accordingly, finding no arguable legal basis for the complaint, the Court denies Plaintiff's motion for leave to file *in forma pauperis*, *see Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989), and dismisses this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).