United States District Court
Northern District of Illinois
Eastern Division

William Walls
Plaintiff(s),

v.

Terry Williams, et al

Honorable James H. Holderman

Case no. 07·C·6828

FILED
FEB 21 2008
Feb 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Motion to Alter or Amend the Judgement

Now comes, the plaintiff, William Walls, pro·se, before the honorable judge James H. Holderman in the cause of the plaintiffs motion to alter or amend the judgement under civil procedure rule 59(e), in this cause the plaintiff would like to state as followed:

(1). That on Dec 4, 2007, the plaintiff brought this complaint before the court.

(2). On 2·5·2008, the court dismissed the plaintiff complaint with the finding of no arguable legal basis. The complaint was dismissed pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

1. of 18.

The court error in denying his pro se complaint based on Malicious prosecution, when the plaintiff was actually bring a claim of a boycott of collective actions to: (1). Vindictive prosecute the plaintiff under the S.V.P act, case no. G3-CR-80002 and; (2). To bring death to the plaintiff to erase the cost of potential Malicious prosecution cases no 92-CR-16471 and case no. G3-CR-80002. Bort V. Telford, 677 F.2d. 622 (7th. Cir. 1982). Campaign of physical hardships, mental hardships and retaliation. Nat'l Eng'g & Contracting Co. V. Herman, 181 F.3d 715, 723 (6th. Cir. 1999) where vindictive prosecution involves (1). Exercise of a protected right; (2). The prosecutor's "Stack" in the exercise of that right; (3). The unreasonableness of the prosecutors conduct; (4). That the prosecution was initiated with the intent to punish the plaintiff for the exercise of the protected rights. Bordenkircher V. Hayes 434 US 357, 363 (1978), To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an private agency of the state to pursue a course of actions whose objective is to penalize a persons reliance on his legal rights is unconstitutional. US V. Carter, 130 F.3d. 1432, 1443 (10th. Cir. 1997), the prosecutor may not punish the plaintiff for exercising constitutional or statutory rights.

U.S. V. Lanoue, 137 F.3d. 656, 664 (1st. Cir. 1998), Where vindictive prosecution are most common when a plaintiff advances in some procedural or constitutional right and is then punished for doing so. U.S. V. Garza-Juarez, 992 F.2d. 986, 907- (9th Cir. 1993), Where vindictive prosecution exist when government brought more serious charges to stop his release from CDOC. Neal V. Cain, 141 F.3d. 207, 214 (5th. Cir. 1998) Where vindictiveness is demonstrated, where a state prosecutor brings additional charges also to punish the plaintiff for exercising his procedural rights. U.S. V. Miller, 948 F.2d. 631, 633 (10th. Cir. 1991), Where vindictiveness is also displayed when the plaintiff successfully attacks his conviction or case and then recieves a unofficial death sentence. U.S. V. Montoya, 45 F.3d. 1286, 1299 (9th. Cir. 1995), Mere filing of the petition under the S.V.P. act, case no. 03-CR-80002, can support vindictive prosecution charge. Haines V. Kerner 404 US 519, 520-21, pro se complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitled plaintiff to relief Neitzke V. Williams, 490 US 319, 327 (1989) claims are frivolous if the facts alleged are clearly baseless Anyanwutaku V. Moore, 151 F.3d. 1053, 1058 (D.C Cir. 1998)(Reversing district court's refusal to grant prisoner in forma pauperis status because it need only be-

3. of 18.

sufficiently plausible that claims could state cause of action. Here, the plaintiff repeatly stated within his complaint that he was being exposed to a boycott of collective actions to: (1). Vindictively prosecute the plaintiff and, (2). To bring death to the plaintiff to erase the cost of potential malicious prosecution cases. Bart V. Telford, 677 F.2d. 622 (7th. Cir. 1982). Campaign of physical hardships, mental hardships and retaliation.

The plaintiff displayed the potential malicious prosecutions proceeding, to show "Motive," for the state prosecutors and the private state actors behavior. Henderson V. Dept of pub. safety and corr., 901 F.2d. 1288, 1296 (5th. Cir. 1990). Facts sufficient it would convince a reasonable man of extra-judicial business. V\. Mariana Oslaned V. Mendiola, 976 F.2d. 475, 486-87 (9th. Cir. 1992). prosecutor's discussion with the CDHS-TDF, outside court proceedings. That if the plaintiff is acquitted, that the plaintiff would walk out the door and sue us for the wrongful conviction and illegal detention. This was plainly designed to appeal to passions, fears and vulnerabilities of the state prosecutors to the CDHS-TDF. That if, the CDHS-TDF, don't help them stop the plaintiff. That the plaintiff will be acquitted and released and pursue law-suits against us. Coolidge V. New Hampshire 403 US 443, 450 (1971), state prosecutors not neutral and detached when-

4. of. 18.

actively in charge of investigation of the plaintiff at the CDHS-TDF, threw the use of eavesdropping devices and electronic communications. And also acting as state prosecutors in his court proceedings. Case no. 03-CR-80062. In Shadwick V. City of Tampa, 407 U.S. 345 (1972), the supreme court explained that whatever else neutrality and detachment might entail it is clear that they require severance and disengagement from activities of law enforcement officers. 18 U.S.C § 2510(7), 2518(1)(a), Five circuit have held that prison and detention facilitys official are investigative or law enforcement officers under 2510(7). Amaya V. Crossroads Managed care syst., 195 F.3d. 584, 596 (10th Cir. 1999)(private detoxication facility considered state actor when working in conjunction with official state actors to illegally detain individuals in there facility. Jensen V. Lane county, 222 F.3d. 570, 574-75 (9th. Cir. 2000), private party psychiatrist considered state actor during process of evaluating and determining individuals who are believed to be mentally ill because the psychiatrist and state prosecutors intertwine in the determination. Lugar V. Edmondson oil co., 457 U.S. 922, 937 (1982), First, the claimed deprivation must be caused by anothers exercise of right or privilege created or imposed by the state or undertaken by a person f. or whom the state is responsible. See id. Second, under the facts of the instant case, the private-

party must be fairly characterized as a state actor. Second, the court has held that to act under color of state law a defendant need not be an officer of the state; it is sufficient that he or she is a willful participant in jointly activity with the state or it's agents. Adickes v. S.H. Kress & Co, 398 U.S. 144, 152 (1970); See, e.g., Abbott v. Latshaw, 164 F.3d. 141, 147-48 (3d. Cir. 1998) private party who conspires with state actors to deprive another of his or her constitutional right acts under color of state law. Third, the court has held that private persons who are authorized to exercise state authority are deemed to be acting under color of state law. West v. Atkins, 487 U.S. 42, 54-55 (1988). The court has held that misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law. Deshaney v. Winnebago County dept't of soc. servs, 489 U.S 189, 199-200 (1989). When the state takes a person into it's custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being, the affirmative duty to protect arises from the limitation which it has imposed on his freedom to act on his own behalf. Due process clause affords pre-trial detainees protections similar to those afforded prisoners

6. of. 18.

by 8th amendment); Gutierrez V. City of San Antonio, 139 F.3d. 441, 452 (5th. Cir. 1998) pre-trial detainee protected by due process clause of 5th or 14th amendments. Zentmyer V. Kendall county, 220 F.3d 805, 810 (7th. Cir. 2000).(14th amendment due process clause protects pre-trial detainees under same standard as 8th amendment. Spencer V. Knapheide Truck Equip., 183 F.3d. 902, 905 (8th. Cir. 1999).(Due process rights of pre-trial detainee are at least as great as 8th amendment rights of convicted prisoner. Kulas V. Valdez, 159 F.3d. 453, 455-56 (9th. Cir. 1998). The rights of pre-trial detainee must be analyzed under the due process clause rather than the eighth amendment because the detainee's guilt has not yet been adjudicated. Smith V. Wade, 461 U.S. 30, 51 (1983) (punitive damages award proper in 1983 case involving "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law. Trobaugh V. Hall, 176 F.3d. 1087, 1089, (8th. Cir. 1999)(punitive damages proper in 1983 action because plaintiff was deliberately punished solely for exercising 1st amendment rights. Kelly V. Curtis, 21 F.3d. 1544, 1557 (11th Cir. 1994)( punitive damage award proper in § 1983 action because plaintiff's constitutional rights were violated, even absent showing of actual loss by plaintiff. Daskalera V. District of Columbia, 227 F.3d. 433, 444 (D.C Cir. 2000) Compensatory damages for mental and emotional-

7. of. 18.

distress causing physical injury are proper. Melligott v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999) (prison officials not entitled to qualified immunity where deliberately indifferent to serious medical needs of prisoners. In Richardson v. McKnight, the supreme court held that prison guards employed by a private prison management firm were not entitled to qualified immunity because there is no firmly rooted tradition of immunity for private employees exercising government functions and because the immunity doctrine's purpose were not served by providing immunity to such individuals. Hudson v. City of New Orleans, 174 F.3d 677, 682 (5th Cir. 1999) (District attorney's office not considered arm of state of Louisiana and therefore subject to suit. Brown v. Bryan County, 219 F.3d 450, 453 (5th Cir. 2000). City not immune when constitutional deprivation is resulted from chief probation officer's decisions, because probation officer had policy making authority. Marsh v. Butler County, Ala., 225 F.3d 1243, 1253 (11th Cir. 2000) County may be liable in action by juvenile who was raped and tortured by other juveniles while held as a pre-trial detainee, whether or not county was aware of conditions leading to assault. However, in Kalina v. Fletcher, the supreme court held that, although a prosecutor is absolutely immune from suit regarding conduct in connection with the preparation and filing of charging doc-

-uments, he or she is not absolutely immune with re--spect to actions outside of trial, such as the execut-ion of certification for determination of probable cause. 522 U.S. 118, 126 (1997). Smith v. Garretto, 147 F.3d. 91, 94 (2d. Cir. 1998) prosecutor not absolutely im--mune for orchestrating sting operation. Allen v. Lo-water, 875 F.2d. 82, 85-86 (7th. Cir. 1989) prosecutor not absolutely immune in suit alleging that prosecutor att--empted to secure continued incarceration of defend--ant due to being entitled to acquittal of S.V.P. act, case, because prosecutor acting in administrative capa--city. Hughes v. Tarrant county, 948 F.2d. 918, 923 (5th Cir. 1991) prosecutor not absolutely immune for advice given to the SDHS-TDF, off the records, outside court proceedings. That if the SDHS-TDF don't do something that the plaintiff will be rele--ased and sue all of us. The supreme court held that preiser does not bar a 1983 claim where an inmate seeks an injunction requiring a hearing to determine whether there was probable cause for pre-trial detention. See Gerstein v. Pugh, 420 U.S. 103, 107-08 (1975). Berg v. County of Allegheny 219 F.3d. 261, 268 (3d. Cir. 2000) (Arrestee's 1983 claim for false imprisonment based on mistaken arrest and detention was proper because police lacked pro--bable cause to arrest. Dewolf v. Carter, 224 F.3d. 607, 617 (7th. Cir. 2000) (1983 claim proper when habeas corpus is unavailable because the challenge would le--ad to release from any form of custody.

9. of 18.

Winship, 397 U.S. 358, 364 (1970). The reasonable doubt standard applies in both state and federal proceedings. See Sullivan v. Louisiana, 508 U.S. 275, 278 (1993). The Winship reasonable doubt standard protects three interests. First, it protects the plaintiff interest in being free from unjustified loss of liberty. 397 U.S. at 363. Second, it protects the plaintiff from the stigmatization resulting from conviction. See id. Third it engenders community confidence in the criminal law by giving concrete substance to the presumption of innocence. The burden of proof consist of two parts: the burden of production and the burden of persuasion. The burden of production requires producing enough evidence to put a fact in issue. The burden of production is usually borne by the party who first pleads the existence of a fact no yet in issue, but can shift from one party to another. If a party fails to sustain its burden of production, that party is subject to an adverse ruling by the court. For instance, the prosecution has the burden of production on every element of the offense charged. If the government fails to produce sufficient evidence for any element the plaintiff must be acquitted. Case no. 03-CR-80002, Here the state prosecutors has presented a falsehood and allowed that falsehood to continue even when it appeared. When a falsehood appears and it is determinative to the plaintiff's guilt or innocence and the state

prosecutors let that falsehood to continue. It denys the plaintiff due process and equal protection of the laws. Giglio V. United States, 405 U.S. 150, 154-55 (1972). Imminent danger exist where the plaintiff presents a case, where he clearly should be acquitted. Case no. 03-CR-80003. And the state prosecutors has vindictively presented a falsehood to the court. Even when that falsehood appeared the state prosecutors let it continue without correction. The state prosecutors are deliberately leaving the case open to further his detention, where the DHS-TDF the private state facility. Can use physical hardships to: (1). force commitment under the S.V.P act, case no. 03-CR-80003, and; (2). Bring death to the plaintiff to erase the cost of the potential law suits resulting for malicious prosecutions. Again, this is what's at stack if the plaintiff is release, and he has clearly presented a case where he should be acquitted. Case no. 03-CR-80003.

Case presented

(1). On July 12, 1992; the plaintiff was charged and convicted of a aggravated criminal sexual assault that he did not commit, Case no. 92-CR-16471.

(2). In this case, the plaintiff presented an alibi defense and witness's was ignored by the plaintiff public defender and state prosecutor in this case. Case no. 92-CR-16471.

11. of. 18

(3). That due to this, the state prosecutor was able to gain there conviction in this case, based on false-testimony, Case no. 92-CR-16471.

(4). On appeal, with newly discovered evidence's the plaintiff was able to display his innocence's but, was denied due. process of the laws. Case no. 92-CR-16471

(5). The plaintiff was sentence to serve (22) years in the Illinois Department of Corrections, Adult Division. Case no. 92-CR-16471.

(6). The plaintiff release date was March 9, 2003; this was the plaintiff's first time incarcerated as an adult. Case no. 92-CR-16471.

(7). Upon the plaintiff release date at the Robinson C-orrectional Center on or about Feb 2, 2003;

(8). The plaintiff was visited by a state evaluator for the purpose of the S.V.P act.

(9). The name of the evaluator was Ms. Jacqueline B-uck, Ph.D, for the state.

(10). The plaintiff "Did not" participate in the eval-uation attempted by the state evaluator Ms. Jac-queline Buck, Case no. 03-CR-80002.

(11). Due to the request of Ms. Jacqueline Buck, Ph.D, evaluator for the state, she was given a complete copy of the plaintiff's case in which he was able to display his innocence with newly discovered evidences, Case no. 92-CR-16471.

(12). This case file was placed on the Illinois Department of Corrections Masterfile. Case no. 92-CR-16471.

(13). Ms. Jacqueline Buck drafted a petition and recommended that the plaintiff be petitioned under the S.V.P act, Case no. 03-CR-80002.

(14). Ms. Jacqueline Buck, petition was based on the plaintiff's Illinois Department of Corrections Masterfile the (1) one adult conviction, Case no. 92-CR-16471 and juvenile records.

(15). The Cook county state's attorney Ms. Mary Ellen Murphy and the assistant attorney Mr. Micheal Kress, in charge of the S.V.P act petitions.

(16). Accepted Ms. Jacqueline Buck's petition and filed the petition against the plaintiff to be tried under the S.V.P act, Case no. 03-CR-80002.

(17). The plaintiff was order to be detained at the SOHS-TDF and to stand for probable cause as a pre-detainee, before the honorable chief judge-

William Woods at the Cook County Criminal courts building Rm. 101.

(18). On the plaintiff's first appearance before the honorable chief judge William Woods, the plaintiff filed a motion for substitution of judge by Right, the motion was granted.

(19). The plaintiff was transfer to (2). Two other judges before he was reappointed the honorable judge Ms. Connors, Rm. 208.

(20). Before probable cause hearing the plaintiff's filed a notice with the court given notice, Certified notice that he does not wish to sign a waiver or give approval for the use of his juvenile records.

(21). The plaintiff's then moved to file his extraordinary motion, this was also before probable cause hearing. The motion to dismiss the state's petition due to the petition being brought in bad faith and without good cause.

Again, this was all done before probable cause, the argument of state laws pointed out in his extraordinary motion that 730 ILCS 5/3-2 (B) there shall be a department of juvenile justice which shall be administrated by a director appointed —

14 of 18.

by the governor under the civil readministration code of Illinois. The Department of juvenile justice shall be responsible for all persons under 17 years of age when sentence to imprisonment and committed to the department under subsection (c) of section 5-8-6 of this 5-750 of that juvenile court act of 1987. Persons under 17 years of age committed to the department of juvenile pursuant to this code shall be sight and sound separate from adult offenders committed to the department of corrections. 720 ILCS 207/10(2), says that the plaintiff must be found delinquent under section 5/20 of the juvenile court act or of (now repealed), section 5-620 of that act. 705 ILCS 40-5/1-7(B)(1), no law enforcement officer or other person or agency may knowingly transmit to the department of corrections adult division or federal bureau of investigation any fingerprints or photograph relating to a minor who has been arrested or taken into custody before his or her 17th birthday. Rule 705 ILCS 405/5-905-(5), state that the records of law enforcement officers, concerning all minors under 17 years of age must be maintained separately from the records of adults. Rule 705 ILCS 405/5-915-(4), says that upon the entry of an order expunging records or files the offense in which the records files concern shall be treated as if it never occurred. Law enforcement officer and agency shall properly reply that no file exist with respect to that person.

15 of 18.

Here, before probable cause hearing the plaintiff presented a case where probable cause should not have been found. And again, here and now at pre-trial stage has established that: (1). That he does not sign a waiver for the use of his juvenile records. (This was done in court before the judge, state's attorney and the plaintiff's attorney. Plus, they all were given a certified notice of it, filed at court. (2). He does not want to participate in any evaluations, which would also equal to a waiver of his juvenile records. Again, this was also done during a court appearances and is on court records. And at the facility where the plaintiff is housed, he has repeatly established that he does not want to participate in any evaluation. As a result of this again, the plaintiff has placed the state prosecutors under the S.V.P act in a hardship to proceed. Where the state prosecutors can not proceed with confidential information that's in violation of state laws. This information is confidential and the plaintiff will not and has not gave no one his approval to use it. This makes the outcome of the proceeding in the plaintiff's favor, where the plaintiff has placed the state prosecutors under the S.V.P act in a hardship to proceed to trial. "If the state prosecutors fails to produce sufficient evidence for any element, the plaintiff must be acquitted. Sullivan V. Louisiana 508 U.S 275, 278 (1993). Case no. 03-CR-80062.

Here, the state prosecutors lack probable cause to even bring a S.V.P. act, petition against the plaintiff. Because the plaintiffs did not participate in the evaluation attempted by Ms. Jacqueline Buck, Ph.D, while he was still incarcerated in the Illinois Department of Corrections. And had not given anyone the approval to use this confidential information. And the plaintiffs also did not sign a waiver for the use of this confidential information. Although, there was no lack to find probable cause against the plaintiff, the state prosecutors still filed the petition against the plaintiff to have him tried under the S.V.P. act, Case no. 05-CR-80002. And when the plaintiff showed before probable cause stage, that the petition filed against the plaintiff was being brought in bad faith and without good cause. That the petition was a malicious attempt to have the plaintiff committed with the use of juvenile records that is in violation of state laws. The state prosecutors let the falsehood continue to pre-trial stage, where the plaintiffs should have been acquitted before the probable cause hearing. As stated before the state prosecutors lacked probable cause from the very beginning to even file a S.V.P. act petition against the plaintiff. The case is now not a strong still, where the state can not move forward. Because the plaintiff should have been acquitted. Where the delay is only merit to: (1). Vindictive prosecute the plaintiff on act -

(2). To bring death to the plaintiff to erase the cost of potential malicious prosecution cases no. 92. CR. 16471 and Case no. 03-CR-80062. Here and now, the plaintiff's life is in imminent danger. Vitek v. Jones, 445 U.S. 480, 493 (1980), the plaintiff has a liberty interest in remaining free from involuntary committment. Kirby v. James, 195 F.3d. 1285, 1291 (11th. Cir. 1999), the plaintiff has a liberty interest in not being branded a sex offender. Burton v. Livingston, 791 F.2d. 97, 100 (8th. Cir. 1986), the plaintiff's also have a liberty interest in freedom from terror of imminent and unexpected death.

Wherefore, the plaintiff's prays that this honorable court grants the plaintiff's motion to alter or amend the judgement.

_____
William Walls
 RDHS-TDF
 R.R.1# Box 6A
 Rushville, Ill.
 62681.        2-13-08
               _____
                  Date

18-of-18