# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6828 | **DATE** | March 14, 2008 |
| **CASE TITLE** | William Walls (#85292) v. Terry Williams, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to alter or amend judgment [10] pursuant to Fed.R.Civ.P. 59(e) is denied.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff William Walls seeks to have this Court reconsider its judgment order dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judgment was entered on February 5, 2008. Plaintiff dated his motion February 13, 2008, and the Clerk of Court received Plaintiff's motion on February 21, 2008. The "mailbox rule" has been extended to motions to alter or amend judgment. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2002). It appears that Plaintiff delivered his motion to Department of Human Services' officials for mailing within ten business days of the entry of judgment, thus making it a timely Rule 59(e) motion.

Relief under Rule 59(e) is available only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, __ F.3d __, 2008 WL 465845, at *4 (7th Cir. Feb. 22, 2008); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment ... or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

    The Court has carefully reviewed Plaintiff's motion. Plaintiff fails to carry this burden. He is essentially arguing with the Court's legal reasoning. However, mere disagreements with a district court's legal reasoning are properly expressed by filing an appeal. *See Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("[A]n appeal or motion for a new trial, rather than an FRCP 60(b) motion is the proper avenue to redress mistakes of law committed by the trial judge . . . .").

    For the foregoing reasons, Plaintiff's motion is denied. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of this order. Rule 4(a)(4), Fed. R. App. P. If he does so, he will be liable for the $455 appellate filing fee.