UNITED STATE COURT OF APPEALS FOR THE SEVENTH CIRCUIT COURT

**F I L E D**

APR - 4 2008 *aew*

Apr 4 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

WILLIAM WALLS
PLAINTIFF    (S).                    )    James F. Holderman
                                     )
V.    No.                            )    APPEAL FROM THE UNITED STATES DISTRICT
                                     )    COURTS FROM THE NORTHERN DISTRICT OF
TERRY WILLIAMS, et al.               )    ILLINOIS. EASTERN DIVISION
DEFENDANT    (S).                    )
                                     )    No. 07-C-6828

APR - 2008 EF

CINO J. AGNELLO
CLERK

_____DOCKET STATEMENT_____

Now comes, the plaintiff's, William Walls, pro-se, before the
this Honorable Court. In the cause of the docket statement
under <u>Circuit Court Rule 3(c).</u> Docket Statement. Therefore please
read the following;


(1). That on Dec 4, 2007; the plaintiff brought this complaint
before the United State District Court.


(2). That on Feb 5, 2008; the court Dismissed the plaintiff
complaint with the finding of no arguable legal basis. The compl-
aint was dismissed pursuant to <u>28 U.S.C.&1915(E)(2)(B)(ii).</u>

(3). That on Feb 21, 2008; the plaintiff filed with the District
Court, a motion to Alter or Amend the judgement. Denied on March 14, 2008.
14, 2008.
The District Court Error in denying his pro-se complaint
based on Malicious prosecution, when the plaintiff was actually
bring a claim of a <u>Boycott of Collective Actions</u> to: (1). Vindic-
tive prosecute the plaintiff under the S.V.P act, Case No. 03-
CR-80002 and; (2). To bring Death to the plaintiff to erase
the cost of potential Malicious prosecution cases. no. 92-CR-
16471 and Case No. 03-CR-80002. <u>Bart V. Telford, 677 f.2d. 622
(7th. Cir. 1982).</u> Campaign of physical hardships, mental hardship
and retaliation. <u>NAt'l Eng'g & Contracting co. V. Herman, 181
f.3d. 715, 723(6th Cir. 1999).</u> Where Vindictive prosecution
involves (1). Exercise of a protected right; (2). The prosecutor's
Stack in the exercise of that right; (3). The unreasonableness
of the prosecutors conduct; (4). That the prosecution was initiated
with the intent to punish the plaintiff for the exercise of
the protected rights. <u>Bordenkircher V. Hayes 434 U.S. 357,
363(1978)</u>, To punish a person because he has done what the law
plainly allows him to do is a due process violation of the most
basic sort, and for an private agency of the state to pursue
a coarse of actions whose objective is to penalize a person's
reliance on his legal rights is unconstitutional. <u>U.S.V. Carter,
130 f.3d. 1432, 1443(10th Cir. 1997),</u> the prosecutor may not
punish the plaintiff for exercising constitutional or statutory
rights.

U.S V. Lanoue, 137 f.3d. 656, 644 (1st. Cir. 1998), Where Vindictive prosecution are most common when a plaintiff advance's in some procedural or constitutional right and is then punished for doing so. U.S V. Garza-Juarez, 992 f.2d. 986, 907(9th Cir. 1993), Where Vindictive prosecution exist when government brought more serious charges to stop his release from IDOC . Neal V. Cain. 141 f.3d. 207,214(5th Cir. 1998), Where vindictiveness is demonstrated where a state prosecutor brings additional charges also to punish punish the plaintiff for exercising his procedural rights. U.S. V. Miller, 948 f.2d. 631, 633(10th Cir 1991) where vindictiveness is also displayed when the plaintiff successfully attacks his conviction or case and then recieve's a unofficial Death sentence. U.S V. Montoya, 45 f.3d. 1286, 1299(9th. Cir. 1995), mere filing of the petition under the S.V.P act, case no. 03-CR-80002, can support vindictive prosecution charge. Haines V. Kerner 404 U.S 519, 520-21, pro-se complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove on facts in support of claim that would entitled plaintiff to relief. Neitzke V. Williams 490 U.S 319, 327( 1989), claims are frivolous if the facts allegd ARE CLEARLY BASELESS. Anyanwutaka V. Moore, 151 f.3d. 1053, 1058( D.C Cir. 1998)(Reversing district colucourt's refusal to grant prisoner in forma-pauperis staue because it need only be sufficiently plausible that claim could state cause of action. Here the plaintiff repeatly stated within his complaint that he was being exposd to a boycott of collective actions to: (1). Vindictively prosecute the plaintiff and, (2). To bring Death to the plaintiff to erase the cost of potential malicious prosecution cases. Bart V. Telford, 677 f.2d.622(7th. Cir 1982). Campaign of physical hardships, mental hardships and retaliation. The plaintiff displayed the potential malicious prosecutions proceeding to Show Motive, for the state prosecutors and the private state actors behavior. Henderson V. Dept of pub safety and Corr, 901 f.2d. 1288, 1296(5th. Cir 1990), Facts sufficient if would convice a reasonable man of extra judicial biasness. N. Mariana Island V. Mendiola, 976 f.2d. 475, 486-87(9th. Cir 1992),prosecutor's discussion with the IDHS-TDF, outside court proceedings. That if the plaintiff is acquitted that the plaintiff would walk out the door and sue us for the wrongful convictions and illegal detention This was plainly desinged to appeal to passions, fears and vulnerabilites of the state prosecutors to the IDHS-TDF.That if, the IDHS-TDF, don't help them stop the plaintiff. That the plaintiff will be acquitted and released and pursue law suits against us. Coolidge V. New Hampshire 403 U.S 433, 450 (1971), state prosecutors not neutral and detached when actively in charge of investigation of the plaintiff at the IDHS-TDF, threw the use of eavesdropping device's and eletronic communication's. And also acting as state prosecutors in his court proceedings. Case No. 03-CR-80002. In Shadwick V. City of Tampa, 407 U.S. 345(1972), the Supreme Court explaned that whatever else neutrality and detachment might entail it is clear that they requires Severance and disengagement from activities of law enforcement officers. 18 U.S.C 2510(7), 2518(1)(a), five circuit have held that prison and detention's facilitys official are investigative or law enforcement officers under 2510(7). Anaya Crossroads managed care syst., 195 f.3d. 584, 596(10th. Cir 1999)( Private detoxication facility considered state actor when working in conjuction with official state actors to Illegally Detain individuals in there facility.
Ernest V. Lamb County

Jensen V. Lane County, 222 f.3d.570, 574-75 (9th. Cir.2000), private party psychiatrist considered state actor during process of evaluating and detaining individuals who are believed to be mentally ill because the psychiatrist and state prosecutors intertwine in the determination. Lugar V. Edmondson oil Co, 457, U.S. 922, 937(1982), first, the claimed deprivation must be caused by another's exercise of right or privilege created or imposed by the state or undertaken by a person for whom the state is responsible. See id. Second, under the facts of the instant case, the private party must be fairly characterized as a state actor. Second, the court has held that to act under color of state law a defendant need not be an officer of the state; it is sufficient that he or she is a willful participant injointly activity with the state or it's agents. Adickes V. S.H Kress Co, 398 U.S. 144, 152(1970); See, e.g, Abbott V. Latshaw 164 F.3d. 141, 147-48(3d. Cir. 1998) private party who conspires with state actors to deprive another of his or her constitutional right acts under color of state law. Third, the court has held that private persons who are authorized to exercise state authority are deemed to be acting under color of state law. West V. Atkins, 487 U.S. 42, 54-55(1988), the court has held that misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken under color of state law. Deshaney V. Winnebago county dept't of soc servs, 489 U.S 189, 199-200(1989). When the state takes a person into it's custody and holds there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being the affirmative duty to protect arise from the limitation which it has imposed on his freedom to act on his own behalf. Due process clause affords pre-trial detainees protections similar to those affordsed protections by 8th amendment); Gutierrez V. City of San Antonio, 139. f.3d. 441, 452(5th. CIr. 1998), pre-trial detainee protected by due process clause of 5th or 14th amendments. Zentmyer V. Kendall county, 220 f.3d. 805, 810(7th. Cir. 2000)(14th amendment due process clause protects pre-trial detainees under same standard as 8th amendment. Spencer V. Knapheide Truck Equip. 183 f.3d. 902, 905(8th. Cir. 1999), Due process rights of pre-trial detainee are at least as great as 8th amendment rights of convicted prisoner. Kulas V. Valdez, 159 f.3d. 453, 455-56 (9th Cir . 1998), the rights of pre-trial detainee must be analyzed under the due process clause rather than the eighth amendment because the detainee's Guilt has not yet been adjudicated. Smith V. Wade, 461 u.s. 30, 51(1983)(punitive demages awards proper in 1983 case involing Reckless or callous disregard for the plaintiff's rights,as well as intentional violations of federal law. Trobaaugh V. Hall, 176 f. 3d. 1087, 1089,(8th. CIr. 1999), Punitive damages proper in 1983 action because plaintiff was deliberately punished solely for exercising 1st amendment rights. Kelly V. Curtis, 21 f. 3d. 1544, 1557(11th. Cir. 1994)(punitive demage awards proper in 1983 action because plaintiff's constitutional rtights were violated even absent showing of actual loss by plaintiff.

Daskaiea V. District of Columbia, 227 f.3d. 433. 444(D.C.Cir. 2000), Compensatory demages for mental and emotional distress causing physical injury are proper. Mcligott V. Foley. 182 f.3d. 1248. 1252(11th. Cir. 1999)(prison officials not entitled to qualified immunity where deliberately indifferent to serious medical needs of prisoners. In Richardson V. Mcknight, the Supreme court held that prison guards employed by a private prison management firm were not entitled to qualified immunity because there is no firmly rooted tradition of immunity for private employees exercising government functions and because the immunity doctrine's purpose were not served by providing immunity to such individuals. Hudson V. City of New orleans. 174 f. 3d. 677, 682(5th. Cir. 1999)( District attorney's Office not considered arm of state of Louisiana and therefore subject to suit. Brown V. Bryan county, . 219 F. 3d. 450, 453(±th. Cir. 2000). City not immune when constitutional deprivations resulted from chief probation officer's decisions because probation officer had policy making authority. Marsh V. Butler county, Ala. 225 f.3d. 1243,1253(11th. Cir. 2000), Countymay beliable in action by juvenile who was raped and tortured by other juveniles while held as a pre-trial detainee, whether or not county was aware of conditions leading to assault. However, in Kalina V. Fletcher, the Supreme Court held that, although a prosecutor is absolutely immune from suit regardeing conduct in connection with the preparation and filing of charging decuments, he or she is not absolutely immune with respect to actions outside of trial, such as the execution of certification for determination of probable cause. 522 U.S.118, 126(1997), Smith V. Garretto, 147, f.3d.91, 94(2d. Cir. 1998) prosecutor not absolutely immune for orchestrating sting operation. Allen V. Lowder, 875 F.2d. 82, 85-86 (4th. Cir. 1989), prosecutor notabsolutely immune in suit alleging that prosecutor attempted to secure continued incarceration of defendant due to being entitled to acquittal of S.V.P act, case.because prosecutor acting in administrative capacity. Hughes V. Tarrant county, 948 f.12d. 918,923(5th Cir. 1991), prosecutor not absolutely immune for advice given to the IDHS-TDF, off the records outside court proceedings. That If, the IDHS-TDF don't do something that the plaintiff will be released and sue all of us. The Supreme court held that preiser does not bar a 1983 claim where an inmate seeks an injuction requiring a hearing to determine whether there was probable cause for pre-trial detention. See. Gerstein V. Pugh, 420 U.S 103, 107-08(1975)Berg V. County of Allegheny 219 f.3d. 216, 268(3d. Cir. 2000)( Arrestee's 1983 claim for false imprisonment based on mistaken arrest and detention was proper because police lacked probable cause to arrest. Dewalt V. Carter. 224 f.3d. 607, 617(7th. Cir 2000)(1983 claim proper when habeas corpus is unavailable because the challenge would lead to release from any form of custody. Winship, 397 U.S. 358, 364(1970). The reasonable doubt standard applies in both state and federal proceedings. See Sullivan V. Louisiana, 508 U.S. 275, 278(1993). The winship reasonable doubt standard protects three interests first, it protects the plaintiff interest in being free from unjustified loss of liberty. 397 U.S at 363. Second, it protects the plaintiff from the stigmatization resulting from conviction. Seeid. Third it engenders community confidence in the criminal law by giving concrete substance to the presumption of innocence. The burden of proff consist of two parts, the burden of production and the burden of persuasion. The burden of production

requires producing enough evidence to put a fact in issue. The
burden of production is usually borne by the party who first pleads
the existence of a fact no yet in issue, but can shift from one
party to another. If a party fails to sustain it's burden of pro-
duction, that party is subject to an adverse ruling by the court
for instance, the prosecution has the burden of production on every
element of the offense charged. If the governemnt fails to produce
sufficient evidence for any element trhe plaintiff must be acquitted.
Case no. 03-CR-80002, Here , the state prosecutors has presented
a falsehood and allowed that falsehood to continue even when
it appeared. When a falsehood appears and it is determinative
to the plaintiff's guilt or innocence's and the state prosecutors
let that falsehood to continue. It denys the plaintiff due proces
and equal protection of the laws. Giglio V. United States 405
U.S. 150, 154-55(1972). Imminent danger exist where the plaintiff
present's a case, where he clearly should be acquitted. Case
no. 03-CR-80002. And the state prosecutors has vindictively
presented a falsehood to the court. Even when that falsehood
appeared the state prosecutor's let it continue without correction.
The state prosecutors are deliberately leaving the case open
to further his detention, where the IDHS-TDF, the private state
facility. can use physical hardships to: (1). Force commitment
under the S.V.P. act, case no. 03-CR-80002, and;(2). Bring death
to the plaintiff to erase the cost of the potential law suits
resulting for malicious prosecutions.Again, this is what's at
stack if the plaintiff is release.and he has clearly presented
a case where he should be acquitted. Case no. 03-CR-80002.

## CASE PRESENTED

(1). On July 12, 1992: the plaintiff was charged and convicted
of a aggravated criminal sexual assault that he did not commit,
Case no. 92-CR-16471.

(2). In this case, the plaintiff presented an aliba defense
and witness's was ignored by the plaintiff public defender and
state prosecutor in this case. Case no. 92-CR-16471.

(3). That due to this the state prosecutor was able to gain
there conviction in this case, based on false testimony, Case
no. 92-CR-16471.

(4). On appeal with newly discovered evidence's the plaintiff
was able to display his innocence's but; was denied due process
of the laws. Case no. 92-CR-16471.

(5). The plaintiff was sentence to serve (22) years in the Illinois
Department of Corrections, Adult Division. Case no. 92-CR-16471.

(6). The plaintiff release date was March 9, 2003; this was
the plaintiff's first time incarcerated as an adult. Case no.
92-CR-16471.

(7). Upon the plaintiff release date at the Robinson Correctional
Center on or about Feb 2, 2003;

(8). The plaintiff was visited by a state evaluator for the
purpose of the S.V.P act.

(9). The name of the evaluator was Ms. Jacqueline Buck, Ph.D, for the state-

(10). The plaintiff Did not participate in the evaluation attempted by the state evaluator, Ms. Jacqueline Buck, Case no. 03-CR-80002.

(11). Due to the request of Ms. Jacqueline Buck, Ph. D, evaluator for the state, she was given a complete copy of the plaintiff's case in which he was able to display his innocence's with newly discovered evidence's Case no. 92-CR-16471.

(12). This case file was placed on the Illinois Department of Corrections Masterfile. Case no. 92-CR-16471.

(13). Ms. Jacqueline Buck, drafted a petition and recommended that the plaintiff be petitioned under the S.V.P ACT, CAseno. 03-CR-80002.

(14). Ms. Jacqueline Buck petition was based on the plaintiff's Illinois Department of Correction's Masterfile the (1) one adult conviction, case no. 92-CR-16471 and Juvenile records.

(15). The Cook county state's attorney Ms. Mary Ellen Murphy and the assistant Attorney Mr. Micheal Kress, in charge of the S.V.P act petitions,

(16). Accepted Ms. Jacqueline Buck's petition and filed the petition against the plaintiff to be tried under the S.V.P act, Case no. 03-CR-80002.

(17). The plaintiff was order to be detained at the IDHS-TDF, and to stand for probable cause as a pre-detainee, before the honorable chief judge William Woods at the Cook County Criminal court building. Rm: 101.

(18). On the plaintiff's first appearance before the honorable chief judge William Woods, the plaintiff filed a motion for Substitution of judge by Right, the motion was granted.

(19). The plaintiff was transfer to (2) two other judges before he was appointed the honorable judge Ms Cannors. Rm. 208.

(20). Before probable cause hearing the plaintiff's filed a notice with the court given notice, Certified notice that he does not wish to sign a waiver or give approval for the use of his Juvenile records.

(21). The plaintiff's then moved to file his extra ordinary motion, this was also before probable cause hearing. The motion to dismiss the state's petition due to the petition being brought in bad faith and without good cause.

Again, this was all done before probable cause, the argument
of state laws pointed out in his extra ordinary motion that
730 ILCS 5/3-2(B), there shall be department of juvenile justice
whcih shall be administrated by a director appointed by the
governor under the civil administration code of Illinois. The
Department of juvenile justice shall be responsible for all
person's under 17 years of age when sentence to imprisonment
and committed to the department under subsection (c) of section
5-8-6 of this 5-750 of that juvenile court act of 1987. Persons
under 17 years of age committed to the department of juvenile
pursuant to this code shall be sight and sound separate from
adult offenders committed to the department of corrections.
720 ILCS 207/10(2), says that the plaintiff must be found delinquent
under section 5/20 of the juvenile court act or of (now repealed)
section 5-620 of that act. 705 ILCS 405/1-7(B)(1), no law enforcement
officer or other person or agency may knowingly transmit to
the department of corrections adult divisioin or federal bureau
of investigation any fingerprints or photograph relating to
a minor who has been arrested or taken into custody before his
or her 17th birthday. Rule 705 ILCS 405/5-905-(5), state's that
the records of law enforcement officers concerning all minors
under 17 years of age must be maintained separately from the
records of adults. Rule 705 ILCS 405/5-915-(4), says that upon
the entry of an order expunging records or files the offense
in which the records files concern shall be treated as if it
never occured. Law enforcement officer and agency shall properly
reply that no file exist with respect to that person. Here,
before probable cause hearing the plaintiff presented a case
where probable cause should not have been found. And again,
here and now at pre-trial stage has established that: (1). That
he does not sign a waiver for the use of his juvenile records.
( This was done in court before the judge, state's attorney
and the plaiontiff's attorney. Plus, they all were given a Certified
notice of it, filed at court. (2). He does not want to participate
in any evaluations. which would also equal to a waiver of his
juvenile records. Again, this was also done during a court appearance's
and is on court records. And at the facility where the plaintiff
is housed, he has repeatedly established that he does not want
to participate in any evaluation. As a result of this again
the plaintiff's has placed the state prosecutors under the S.V.P
act in a hardship to proceed. Where the state prosecutors can
not proceed with confidential information that's in violation
of state laws. This information is confidential and the plaintiff
will not and has not gave no one his approval to use it. This
makes the outcome of the proceeding in the plaintiff's favor.
Where the plaintiff has placed the state prosecutors under the
S.V.P act in a hardship to procced to trial. If the state prosecutors
fails to produce sufficient evidence for any element, the plaintiff
must be acquitted. Sullivan V. Louisiana, 508 U.S 275, 278(1993).
Case no. 03-CR-80002.
Here, the state prosecutors lack probable cause to even bring
a S.V.P act petition against the plaintiff. Because the plaintiff's
Did Not participate in the evaluation attempted by Ms. Jacqueline
Buck Ph. D, while he was still incarcerated in the Illinois
Department of Corrections. And had not given anyone the approval
to use this confidential information. And the plaintiff's also
Did Not sign a waiver for the use of this confidential information.

Although, there was a lack to find probable cause against the plaintiff, the state prosecutors still filed the petition gainst the plaintiff to have him tried under the S.V.P act. Case no. 03-CR-80002. U.S V. Sanders. 211 f. 3d. 711, 720(2d.Cir 2000) Decision to prosecute in prosecutor's discretion as long as probable cause exist. And when the plaintiff showed before probable cause stage, that the petition filed against the plaintiff was being brought in bad faith and without good cause. That the petition was a malicious attempt to have the plaintiff committed with the use of juvenile records that is in violation of state laws. The state prosecutors let the falsehood continue to pre-trial stage, where the plaintiff's should have been acquitted before the probable cause hearing. As stated before the state prosecutors lacked probable cause from the vary beginning to even file a S.V.P act petition against the plaintiff. The case is now at a stand still, where the state can not move forward. Because the plaintiff should have been acquitted. Where the delay is only meant to: (1). Vindictive prosecute the plaintiff and, (2). To bring Death to the plaintiff to erase the cost of potential malicious prosecution cases no. 92-CR-16471 and Case no. 03-CR-80002. Here, and now the plaintiff's life is in imminent Danger. Vitek V. Jones 445 U.S 480, 493(1980), the plaintiff has a liberty interest in remaining free from involuntary committment. Kirby V. James,195 f.3d; 1285, 1291(11th. Cir. 1999), the plaintiff has a liberty interest in not being branded a sex offender. Burton V. Livingston, 791 f.2d.97, 100(8th. Cir 1986), the plaintiff's also have a liberty interest in freedom from terror of instant and unexpected Death.

The Prisoner Litigation Reform Act accordingly does not apply to him. The plaintiff's is detained at the IDHS-TDF, and does not have the means to pay for Court Cost. The plaintiff is a poor-person who seeks access to this Court. Tucker V. Branker, 142 F.3d. 1294,1297(D.C Cir. 1998)( Filing fee provision does not deny eff-ective access to courts, and is therefore constitutional. None-theless, under no circumstance's can a prisoner who has no means to pay initial filing fee be prevented from filing suit. See 28 U.S.C 1915(b)( Supp. II 1996).

Wherefore, the plaintiff's prays that this honorable court grants the plaintiff's Docket Statement.

WILLIAM WALLS I.D No. 852982
IDHS-TDF
R.R.1 BOX 6-A
RUSHVILLE, Ill. 62681.