IN THE
UNITED STATES DISTRICT OF ILLINOIS
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
APR - 4 2008
Apr 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

WILLIAM WALLS,            )
PLAINTIFF (s).            )
                          ) HONORABLE JUDGE JAMES F. HOLDERMAN
                          )
V.                        ) CASE NO. 07-C-6828
                          )
TERRY WILLIAMS, et al.    )

### NOTICE OF APPEAL

Now comes, the plaintiff, William Walls, pro-se is hereby given notice, that the plaintiff's hereby would like to appeal to the United States Court of Appeals for the Seventh Circuit Court. As a result of the final judgement entered on the plaintiff's civil rights act complaint, titled 42- 1983, entered on March 14, 2008. The Prisoner Litigation Reform Act accordingly does not apply to him. The plaintiff's is detained at the IDHS-TDF, and does not have the means to pay for Court Cost. The plaintiff is a poor-person, who seeks access to the courts.

U.S.C.A. — 7th Circuit
RECEIVED
APR - 4 2008 EF
GINO J. AGNELLO
CLERK

That I, William Walls, swears under oath that the forgoing is true and correct.

WILLIAM WALLS,        3-26-08
IDHS-TDF              Dated
R.R 1, Box 6A
RUSHVILLE, ILLINOIS. 62681.

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 07cv6828

PLAINTIFF (Petitioner)       v.       DEFENDANT (Respondent)

| William Walls (Appellant) | Terry Williams (Appellees) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
| --- | --- | --- | --- |
| Name | William Walls #85292 | Name | N/A |
| Firm | PRO SE | Firm | |
| Address | Rushville - DHS<br>R.R. #1, Box 6A<br>Rushville, IL 62681 | Address | |
| Phone | N/A( | Phone | |

| Other Information | | | |
| --- | --- | --- | --- |
| District Judge | Holderman | Date Filed in District Court | 2/5/08 |
| Court Reporter | C. Conway (ext 5594) | Date of Judgment | 3/17/08 |
| Nature of Suit Code | 555 | Date of Notice of Appeal | 4/14/08 |

COUNSEL:   Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS:   Paid [ ]   Due [ ]   IFP [ ]

IFP Pending [X]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [X]   No [ ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Additional Counsel

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

UNITED STATE COURT OF APPEALS FOR THE SEVENTH CIRCUIT COURT

WILLIAM WALLS )
PLAINTIFF (S). )
) James F. Holderman
)
V.   No. ) APPEAL FROM THE UNITED STATES DISTRICT
) COURTS FOR THE NORTHERN DISTRICT OF
TERRY WILLIAMS, et al. ) ILLINOIS. EASTERN DIVISION
DEFENDANT (S). )
) No. 07-C-6828
)

FILED
APR - 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Apr 4 2008

APR - 2008 EF

GINO J. AGNELLO
CLERK

## DOCKET STATEMENT

Now comes, the plaintiff's, William Walls, pro-se, before the this Honorable Court. In the cause of the docket statement under Circuit Court Rule 3(c), Docket Statement. Therefore please read the following;

(1). That on Dec 4, 2007; the plaintiff brought this complaint before the United State District Court.

(2). That on Feb 5, 2008; the court Dismissed the plaintiff complaint with the finding of no arguable legal basis. The complaint was dismissed pursuant to 28 U.S.C.&1915(E)(2)(B)(1i).

(3). That on Feb 21, 2008; the plaintiff filed with the District Court, a motion to Alter or Amend the judgement. Denied on March 14, 2008.
The District Court Error in denying his pro-se complaint based on Malicious prosecution, when the plaintiff was actually bring a claim of a Boycott of Collective Actions to: (1). Vindictive prosecute the plaintiff under the S.V.P act, Case No. 03-CR-80002 and; (2). To bring Death to the plaintiff to erase the cost of potential Malicious prosecution cases. no. 92-CR-16471 and Case No. 03-CR-80002. Bart V. Telford, 677 f.2d. 622 (7th. Cir. 1982). Campaign of physical hardships, mental hardship and retaliation, NAt'l Eng'q & Contracting co. V. Herman, 181 f.3d. 715, 723(6th Cir. 1999). Where Vindictive prosecution involves (1). Exercise of a protected right; (2). The prosecutor's Stack in the exrcise of that right; (3). The unreasonableness of the prosecutors conduct; (4). That the prosecution was initiated with the intent to punish the plaintiff for the exercise of the protected rights. Bordenkirkcher V. Hayes 434 U.S. 357, 363(1978), To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an private agency of the state to pursue a coarse of actions whose objective is to penalize a person's reliance on his legal rights is unconstitutional. U.S.V. Carter, 130 f.3d. 1432, 1443(10th Cir. 1997), the prosecutor may not punish the plaintiff for exercising constitutional or statutory rights.

1-of- 8.

U.S V. Lanoue, 137 f.3d. 656, 644 (1st. Cir. 1998), Where Vindictive prosecution are most common when a plaintiff advance's in some procedural or constitutional right and is then punished for doing so. U.S V. Garza-Juarez, 992 f.2d. 986, 907(9th Cir. 1993), Where Vindictive prosecution exist when government brought more serious charges to stop his release from IDOC. Neal V. Cain, 141 f.3d. 207,214(5th Cir. 1998), Where vindictiveness is demonstrated where a state prosecutor brings additional charges also to punish punish the plaintiff for exercising his procedural rights. U.S. V. Miller, 948 f.2d. 631, 633(10th Cir 1991) where vindictiveness is also displayed when the plaintiff successfully attacks his conviction or case and then recieve's a unofficial Death sentence. U.S V. Montoya, 45 f.3d. 1286, 1299(9th. Cir. 1995), mere filing of the petition under the S.V.P act, case no. 03-CR-80002, can support vindictive prosecution charge. Haines V. Kerner 404 U.S 519, 520-21, pro-se complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove on facts in support of claim that would entitled plaintiff to relief. Neitzke V. Williams 490 U.S 319, 327( 1989), claims are frivolous if the facts allegd ARE CLEARLY BASELESS. Anyanwutaka V. Moore, 151 f.3d. 1053, 1058( D.C Cir. 1998)(Reversing district coiucourt's refusal to grant prisoner in forma pauperis staue because it need only be sufficiently plausible that claim could state cause of action. Here the plaintiff repeatly stated within his complaint that he was being exped to a boycott of collective actions to: (1). Vindictively prosecute the plaintiff and, (2). To bring Death to the plaintiff to erase the cost of potential malicious prosecution cases. Bart V. Telford, 677 f.2d.622(7th. Cir 1982). Campaign of physical hardships, mental hardships and retaliation. The plaintiff displayed the potential malicious prosecutions proceeding to Show Motive, for the state prosecutors and the private state actors behavior. Henderson V. Dept of pub safety and Corr, 901 f.2d. 1288, 1296(5th. Cir 1990), Facts sufficient if would convice a reasonable man of extra judicial biasness. N. Mariana Island V. Mendiola, 976 f.2d. 475, 486-87(9th. Cir 1992), prosecutor's discussion with the IDHS-TDF, outside court proceedings. That if the plaintiff is acquitted that the plaintiff would walk out the door and sue us for the wrongful convictions and illegal detention This was plainly desinged to appeal to passions, fears and vulnerabilites of the state prosecutors to the IDHS-TDF.That if, the IDHS-TDF, don't help them stop the plaintiff. That the plaintiff will be acquitted and released and pursue law suits against us. Coolidge V. New Hampshire 403 U.S 433, 450 (1971), state prosecutors not neutral and detached when actively in charge of investigation of the plaintiff at the IDHS-TDF, threw the use of eavesdropping device's and eletronic communication's. And also acting as state prosecutors in his court proceedings. Case No. 03-CR-80002. In Shadwick V. City of Tampa, 407 U.S. 345(1972), the Supreme Court explaned that whatever else neutrality and detachment might entail it is clear that they requires Severance and disengagement from activities of law enforcement officers. 18 U.S.C 2510(7), 2518(3)(a), five circuit have held that prison and detention's facilitys official are investigative or law enforcement officers under 2510(7). Anaya Crossroads managed care syst., 195 f.3d. 584, 596(10th. Cir 1999)( Private detoxication facility considered state actor when working in conjuction with official state actors to Illegally Detain individuals in there facility.

Jensen V. Lane County, 222 f.3d.570, 574-75 (9th. Cir.2000), private party psychiatrist considered state actor during process of evaluating and detaining individuals who are believed to be mentally ill because the psychiatrist and state prosecutors intertwine in the determination. Lugar V. Edmondson oil Co, 457, U.S. 922, 937(1982), first, the claimed deprivation must be caused by another's exercise of right or privilege created or imposed by the state or undertaken by a person for whom the state is responsible. See id. Second, under the facts of the instant case, the private party must be fairly characterized as a state actor. Second, the court has held that to act under color of state law a defendant need not be an officer of the state; it is sufficient that he or she is a willful participant injointly activity with the state or it's agents. Adickes V. S.H Kress Co, 398 U.S. 144, 152(1970); See, e.g, Abbott V. Latshaw 164 F.3d. 141, 147-48(3d. Cir. 1998) private party who conspires with state actors to deprive another of his or her constitutional right acts under color of state law. Third, the court has held that private persons who are authorized to exercise state authority are deemed to be acting under color of state law. West V. Atkins, 487 U.S. 42, 54-55(1988)., the court has held that misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken under color of state law. Deshaney V. Winnebago county dept't of soc servs, 489 U.S 189, 199-200(1989). When the state takes a person into it's custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being the affirmative duty to protcet arise from the limitation which it has imposed on his freedom to act on his own behalf. Due process clause affords pre-trial detainees protections similar to those affordsed prisoners by 8th amendment); Gutierrez V. City of San Antonio, 139. f.3d. 441, 452(5th. CIr. 1998), pre-trial detainee protected by due process clause of 5th or 14th amendments. Zentmyer V. Kendall county, 220 f.3d. 805, 810(7th. Cir. 2000)(14th amendment due process clause protects pre-trial detainees under same standard as 8th amendment. Spencer V. Knapheide Truck Equip. 183 f.3d. 902, 905(8th. Cir. 1999), Due process rights of pre-trial detainee are at least as great as 8th amendment rights of convicted prisoner. Kulas V. Valdez, 159 f.3d. 453, 455-56 (9th Cir . 1998), the rights of pre-trial detainee must be analyzed under the due process clause rather than the eighth amendnent because the detainee's Guilt has not yet been adjudicated. Smith V. Wade, 461 u.s.. 30, 51(1983)(punitive demages awards proper in 1983 case involing Reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law. Trobaaugh V. Hall, 176 f. 3d. 1087, 1089,(8th. CIr. 1999), Punitive damages proper in 1983 action because plaintiff was deliberately punished solely for exercising 1st amendment rights. Kelly V. Curtis, 21 f. 3d. 1544, 1557(11th. Cir. 1994)(punitive demage awards proper in 1983 action because plaintiff's constitutional rtights were violated even absent showing of actual loss by plaintiff.

Daskalea V. District of Columbia, 227 f.3d. 433. 444(D.C.Cir. 2000), Compensatory demages for mental and emotional distress causing physical injury are proper. McIlligott V. Foley. 182 f.3d. 1248. 1252(11th. Cir. 1999)(prison officials not entitled to qualified immunity where deliberately indifferent to serious medical needs of prisoners. In Richardson V. Mcknight, the Supreme court held that prison guards employed by a private prison management firm were not entitled to qualified immunity because there is no firmly rooted tradition of immunity for private employees exercising government functions and because the immunity doctrine's purpose were not served by providing immunity to such individuals. Hudson V. City of New orleans, 174 f. 3d. 677, 682(5th. Cir. 1999)( District attorney's Office not considered arm of state of Louisiana and therefore subject to suit. Brown V. Bryan county, , 219 F. 3d. 450, 453(±th. Cir. 2000), City not immune when constitutional deprivations resulted from chief probation officer's decisions because probation officer had policy making authority. Marsh V. Butler county, Ala. 225 f.3d. 1243,1253(11th. Cir. 2000), County may be liable in action by juvenile who was raped and tortured by other juveniles while held as a pre-trial detainee, whether or not county was aware of conditions leading to assault. However, in Kalina V. Fletcher, the Supreme Court held that, although a prosecutor is absolutely immune from suit regardeing conduct in connection with the preparation and filing of charging documents, he or she is not absolutely immune with respect to actions outside of trial, such as the execution of certification for determination of probable cause. 522 U.S.118, 126(1997), Smith V. Garretto, 147, f.3d.91, 94(2d. Cir. 1998) prosecutor not absolutely immune for orchestrating sting operation. Allen V. Lowder, 875 F.2d. 82, 85-86 (4th. Cir. 1989), prosecutor notabsolutely immune in suit alleging that prosecutor attempted to secure continued incarceration of defendant due to being entitled to acquittal of S.V.P act, case.because prosecutor acting in administrative capacity. Hughes V. Tarrant county, 948 f.12d. 918,923(5th Cir. 1991), prosecutor not absolutely immune for advice given to the IDHS-TDF, off the records outside court proceedings. That If, the IDHS-TDF don't do something that the plaintiff will be released and sue all of us. The Supreme court held that preiser does not bar a 1983 claim where an inmate seeks an injuction requiring a hearing to determine whether there was probable cause for pre-trial detention. See. Gerstein V. Pugh, 420 U.S 103, 107-08(1975)Berg V. County of Allegheny 219 f.3d. 216, 268(3d. Cir. 2000)( Arrestee's 1983 claim for false imprisonment based on mistaken arrest and detention was proper because police lacked probable cause to arrest. Dewalt V. Carter. 224 f.3d. 607, 617(7th. Cir 2000)(1983 claim proper when habeas corpus is unavailable because the challenge would lead to release from any form of custody. Winship, 397 U.S. 358, 364(1970), The reasonable doubt standard applies in both state and federal proceedings. See Sullivan V. Louisiana, 508 U.S. 275, 278(1993). The winship reasonable doubt standard protects three interests first, it protects the plaintiff interest in being free from unjustified loss of liberty. 397 U.S at 363. Second, it protects the plaintiff from the stigmatization resulting from conviction. Seeid. Third it engenders community confidence in the criminal law by giving concrete substance to the presumption of innocence. The burden of proff consist of two parts, the burden of production and the burden of persuasion. The burden of production

4-of-8.

requires producing enough evidence to put a fact in issue. The burden of production is usually borne by the party who first pleads the existence of a fact no yet in issue, but can shift from one party to another. If a party fails to sustain it's burden of production, that party is subject to an adverse ruling by the court for instance, the prosecution has the burden of production on every element of the offense charged. If the governemnt fails to produce sufficient evidence for any element trhe plaintiff must be acquitted. Case no. 03-CR-80002, Here, the state prosecutors has presented a falsehood and allowed that falsehood to continue even when it appeared. When a falsehood appears and it is determinative to the plaintiff's guilt or innocence's and the state prosecutors let that falsehood to continue. It denys the plaintiff due proces and equal protection of the laws. Giglio V. United States 405 U.S. 150, 154-55(1972). Imminent danger exist where the plaintiff present's a case, where he clearly should be acquitted. Case no. 03-CR-80002. And the state prosecutors has vindictively presented a falsehood to the court. Even when that falsehood appeared the state prosecutor's let it continue without correction. The state prosecutors are deliberately leaving the case open to further his detention, where the IDHS-TDF, the private state facility. can use physical hardships to: (1). Force commitment under the S.V.P. act, case no. 03-CR-80002, and;(2). Bring death to the plaintiff to erase the cost of the potential law suits resulting for malicious prosecutions. Again, this is what's at stack if the plaintiff is release and he has clearly presented a case where he should be acquitted. Case no. 03-CR-80002.

## CASE PRESENTED

(1). On July 12, 1992: the plaintiff was charged and convicted of a aggravated criminal sexual assault that he did not commit, Case no. 92-CR-16471.

(2). In this case, the plaintiff presented an aliba defense and witness's was ignored by the plaintiff public defender and state prosecutor in this case. Case no. 92-CR-16471.

(3). That due to this the state prosecutor was able to gain there conviction in this case, based on false testimony. Case no. 92-CR-16471.

(4). On appeal with newly discovered evidence's the plaintiff was able to display his innocence's but; was denied due process of the laws. Case no. 92-CR-16471.

(5). The plaintiff was sentence to serve (22) years in the Illinois Department of Corrections, Adult Division. Case no. 92-CR-16471.

(6). The plaintiff release date was March 9, 2003; this was the plaintiff's first time incarcerated as an adult. Case no. 92-CR-16471.

(7). Upon the plaintiff release date at the Robinson Correctional Center on or about Feb 2, 2003;

(8). The plaintiff was visited by a state evaluator for the purpose of the S.V.P act.

5-pf-8.

(9). The name of the evaluator was Ms. Jacqueline Buck, Ph.D, for the state-

(10). The plaintiff Did not participate in the evaluation attempted by the state evaluator, Ms. Jacqueline Buck, Case no. 03-CR-80002.

(11). Due to the request of Ms. Jacqueline Buck, Ph. D, evaluator for the state, she was given a complete copy of the plaintiff's case in which he was able to display his innocence's with newly discovered evidence's Case no. 92-CR-16471.

(12). This case file was placed on the Illinois Department of Corrections Masterfile. Case no. 92-CR-16471.

(13). Ms. Jacqueline Buck, drafted a petition and recommended that the plaintiff be petitioned under the S.V.P ACT, CAseno. 03-CR-80002.

(14). Ms. Jacqueline Buck petition was based on the plaintiff's Illinois Department of Correction's Masterfile the (1) one adult conviction, case no. 92-CR-16471 and Juvenile records.

(15). The Cook county state's attorney Ms. Mary Ellen Murphy and the assistant Attorney Mr. Micheal Kress, in charge of the S.V.P act petitions,

(16). Accepted Ms. Jacqueline Buck's petition and filed the petition against the plaintiff to be tried under the S.V.P act, Case no. 03-CR-80002.

(17). The plaintiff was order to be detained at the IDHS-TDF, and to stand for probable cause as a pre-detainee, before the honorable chief judge William Woods at the Cook County Criminal court building. Rm: 101.

(18). On the plaintiff's first appearance before the honorable chief judge William Woods, the plaintiff filed a motion for Substitution of judge by Right, the motion was granted.

(19). The plaintiff was transfer to (2) two other judges before he was appointed the honorable judge Ms Cannors. Rm. 208.

(20). Before probable cause hearing the plaintiff's filed a notice with the court given notice, Certified notice that he does not wish to sign a waiver or give approval for the use of his Juvenile records.

(21). The plaintiff's then moved to file his extra ordinary motion, this was also before probable cause hearing. The motion to dismiss the state's petition due to the petition being brought in bad faith and without good cause.

Again, this was all done before probable cause, the argument of state laws pointed out in his extra ordinary motion that 730 ILCS 5/3-2(B), there shall be department of juvenile justice whcih shall be administered by a director appointed by the governor under the civil administration code of Illinois. The Department of juvenile justice shall be responsible for all person's under 17 years of age when sentence to imprisonment and committed to the department under subsection (c) of section 5-8-6 of this 5-750 of that juvenile court act of 1987. Persons under 17 years of age committed to the department of juvenile pursuant to this code shall be sight and sound separate from adult offenders committed to the department of corrections. 720 ILCS 207/10(2), says that the plaintiff must be found delinquent under section 5/20 of the juvenile court act or of (now repealed) section 5-620 of that act. 705 ILCS 405/1-7(B)(1), no law enforcement officer or other person or agency may knowingly transmit to the department of corrections adult divisioin or federal bureau of investigation any fingerprints or photograph relating to a minor who has been arrested or taken into custody before his or her 17th birthday. Rule 705 ILCS 405/5-905-(5), state's that the records of law enforcement officers concerning all minors under 17 years of age must be maintained separately from the records of adults. Rule 705 ILCS 405/5-915-(4), says that upon the entry of an order expunging records or files the offense in which the records files concern shall be treated as if it never occured. Law enforcement officer and agency shall properly reply that no file exist with respect to that person. Here, before probable cause hearing the plaintiff presented a case where probable cause should not have been found. And again, here and now at pre-trial stage has established that: (1). That he does not sign a waiver for the use of his juvenile records. ( This was done in court before the judge, state's attorney and the plaiontiff's attorney. Plus, they all were given a Certified notice of it, filed at court. (2). He does not want to participate in any evaluations, which would also equal to a waiver of his juvenile records. Again, this was also done during a court appearance's and is on court records. And at the facility where the plaintiff is housed, he has repeatly established that he does not want to participate in any evaluation. As a result of this again the plaintiff's has placed the state prosecutors under the S.V.P act in a hardship to proceed. Where the state prosecutors can not proceed with confidential information that's in violation of state laws. This information is confidential and the plaintiff will not and has not gave no one his approval to use it. This makes the outcome of the proceeding in the plaintiff's favor. Where the plaintiff has placed the state prosecutors under the S.V.P act in a hardship to procced to trial. If the state prosecutors fails to produce sufficient evidence for any element, the plaintiff must be acquitted. Sullivan V. Louisiana, 508 U.S 275, 278(1993). Case no. 03-CR-80002.
Here, the state prosecutors lack probable cause to even bring a S.V.P act petition against the plaintiff. Because the plaintiff's Did Not participate in the evaluation attempted by Ms. Jacqueline Buck Ph. D, while he was still incarcerated in the Illinois Department of Corrections. And had not given anyone the approval to use this confidential information. And the plaintiff's also Did Not sign a waiver for the use of this confidential information.

Although, there was a lack to find probable cause against the plaintiff, the state prosecutors still filed the petition against the plaintiff to have him tried under the S.V.P act. Case no. 03-CR-80002. U.S V. Sanders. 211 f. 3d. 711, 720(2d.Cir 2000) Decision to prosecute in prosecutor's discretion as long as probable cause exist. And when the plaintiff showed before probable cause stage, that the petition filed against the plaintiff was being brought in bad faith and without good cause. That the petition was a malicious attempt to have the plaintiff committed with the use of juvenile records that is in violation of state laws. The state prosecutors let the falsehood continue to pre-trial stage, where the plaintiff's should have been acquitted before the probable cause hearing. As stated before the state prosecutors lacked probable cause from the vary beginning to even file a S.V.P act petition against the plaintiff. The case is now at a stand still, where the state can not move forward. Because the plaintiff should have been acquitted. Where the delay is only meant to: (1). Vindictive prosecute the plaintiff and, (2). To bring Death to the plaintiff to erase the cost of potential malicious prosecution cases no. 92-CR-16471 and Case no. 03-CR-80002. Here, and now the plaintiff's life is in imminent Danger. Vitek V. Jones 445 U.S 480, 493(1980), the plaintiff has a liberty interest in remaining free from involuntary committment. Kirby V. James,195 f.3d; 1285, 1291(11th. Cir. 1999), the plaintiff has a liberty interest in not being branded a sex offender. Burton V. Livingston, 791 f.2d.97, 100(8th. Cir 1986), the plaintiff's also have a liberty interest in freedom from terror of instant and unexpected Death.

The Prisoner Litigation Reform Act accordingly does not apply to him. The plaintiff's is detained at the IDHS-TDF, and does not have the means to pay for Court Cost. The plaintiff is a poor-person who seeks access to this Court. Tucker V. Branker, 142 F.3d. 1294,1297(D.C Cir. 1998)( Filing fee provision does not deny effective access to courts, and is therefore constitutional. Nonetheless, under no circumstance's can a prisoner who has no means to pay initial filing fee be prevented from filing suit. See 28 U.S.C 1915(b)( Supp. II 1996).

Wherefore, the plaintiff's prays that this honorable court grants the plaintiff's Docket Statement.

WILLIAM WALLS I.D No. 852982
IDHS-TDF
R.R.1 BOX 6-A
RUSHVILLE, Ill. 62681.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6828 | **DATE** | March 14, 2008 |
| **CASE TITLE** | William Walls (#85292) v. Terry Williams, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to alter or amend judgment [10] pursuant to Fed.R.Civ.P. 59(e) is denied.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff William Walls seeks to have this Court reconsider its judgment order dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judgment was entered on February 5, 2008. Plaintiff dated his motion February 13, 2008, and the Clerk of Court received Plaintiff's motion on February 21, 2008. The "mailbox rule" has been extended to motions to alter or amend judgment. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2002). It appears that Plaintiff delivered his motion to Department of Human Services' officials for mailing within ten business days of the entry of judgment, thus making it a timely Rule 59(e) motion.

Relief under Rule 59(e) is available only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht v. Raemisch*, __ F.3d __, 2008 WL 465845, at *4 (7th Cir. Feb. 22, 2008); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment ... or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

The Court has carefully reviewed Plaintiff's motion. Plaintiff fails to carry this burden. He is essentially arguing with the Court's legal reasoning. However, mere disagreements with a district court's legal reasoning are properly expressed by filing an appeal. *See Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("[A]n appeal or motion for a new trial, rather than an FRCP 60(b) motion is the proper avenue to redress mistakes of law committed by the trial judge . . . .").

For the foregoing reasons, Plaintiff's motion is denied. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of this order. Rule 4(a)(4), Fed. R. App. P. If he does so, he will be liable for the $455 appellate filing fee.

# United States District Court
## Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:07–cv–06828
*Internal Use Only*

| | |
|---|---|
| Walls v. Williams et al | Date Filed: 02/05/2008 |
| Assigned to: Honorable James F. Holderman | Date Terminated: 02/05/2008 |
| Cause: 42:1983 Prisoner Civil Rights | Jury Demand: None |
| | Nature of Suit: 555 Civil Rights (Prison Condition) |
| | Jurisdiction: Federal Question |

**Plaintiff**

**William Walls**     represented by     **William Walls**
#85292
Rushville – DHS
R.R. #1, Box 6A
Rushville, IL 62681
PRO SE

V.

**Defendant**

**Terry Williams**
*Capt., IDHS–TDF*

**Defendant**

**Pontiac**
*Capt., IDHS–TDF*

**Defendant**

**Scott**
*Capt., IDHS–TDF*

**Defendant**

**Jeffifer Blaesing**
*IDHS–TDF, Rehab Director*

**Defendant**

**Susan Kessinger**
*IDHS–TDF, Admin Assist.*

**Defendant**

**S. T.T. Bear**
*IDHS–TDF*

**Defendant**

**S. T.A. Drenning**
*IDHS–TDF*

**Defendant**

**R. T.A. Greenly**
*Ms., Will County Jail*

**Defendant**

**Ms. Kwaeeka**
*Will County Jail*

**Defendant**

**Sharon**
*Ms., Will County Jail*

**Service List**      represented by    **Illinois Department of Human Services**
Illinois Department of Human Services
General Counsel
100 West Randolph
6th Floor
Chicago, IL 60601
*ATTORNEY TO BE NOTICED*

**Prisoner Correspondence – Internal Use Only**
Email: Prison1_ILND@ilnd.uscourts.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2007 | 1 | RECEIVED Complaint and ten copies by William Walls (cdy, ) (Entered: 12/05/2007) |
| 12/04/2007 | 2 | CIVIL Cover Sheet (cdy, ) (Entered: 12/05/2007) |
| 12/04/2007 | 3 | MOTION by Plaintiff William Walls for leave to proceed in forma pauperis (Exhibits) (cdy, ) (Entered: 12/05/2007) |
| 12/04/2007 | 4 | MOTION by Plaintiff William Walls to appoint counsel (cdy, ) (Entered: 12/05/2007) |
| 12/04/2007 | 5 | POST MARKED envelope for initiating document by William Walls (Document not scanned) (aew, ) (Entered: 12/12/2007) |
| 12/13/2007 | 6 | LETTER from William Walls dated 12/5/07. (rbf, ) (Entered: 12/17/2007) |
| 01/03/2008 | 7 | LETTER from Plaintiff dated 12/30/2007. (gmr, ) (Entered: 01/08/2008) |
| 01/25/2008 | 8 | LETTER from William Walls dated 1/21/08. (gmr, ) (Entered: 01/29/2008) |
| 02/05/2008 | 9 | MINUTE entry before Judge James F. Holderman : The Court denies Plaintiff's motion for leave to file in forma pauperis 3 and dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for appointment of counsel 4 is denied as moot. Mailed notice (am) (Entered: 02/05/2008) |
| 02/05/2008 | | (Court only) Civil Case Terminated. (am) (Entered: 02/05/2008) |
| 02/21/2008 | 10 | MOTION by Plaintiff William Walls to alter or amend the judgment. (ef, ) (Entered: 02/25/2008) |
| 03/14/2008 | 11 | MINUTE entry before Judge Honorable James F. Holderman: Plaintiffs motion to alter or amend judgment 10 pursuant to Fed.R.Civ.P. 59(e) is denied. Mailed notice (cdy, ) (Entered: 03/17/2008) |
| 04/04/2008 | 12 | NOTICE of appeal by William Walls regarding orders 11 ifp pending. (air, ) Modified on 4/16/2008 (air, ). (Entered: 04/16/2008) |
| 04/04/2008 | 13 | DOCKETING Statement by William Walls regarding notice of appeal 12 . (air, ) (Entered: 04/16/2008) |
| 04/04/2008 | 14 | MOTION by Plaintiff William Walls for leave to appeal in forma pauperis. (air, ) (Entered: 04/16/2008) |
| 04/04/2008 | 15 | MOTION by Plaintiff William Walls to appoint counsel. (air, ) (Entered: 04/16/2008) |

| 04/14/2008 | 16 | LETTER from USCA dated 4/14/08. (air, ) (Entered: 04/16/2008) |